Nov. Term,

Kirby and Another *v.* Holmes and Wife.

1854.

Kirby
v.
Holmes.

On the reversal of a cause in the Supreme Court and its having been re-manded to the Court below for further proceedings, it was not necessary, under the R. S. 1843, that the defendants should again be summoned.

The omission to default infant defendants who fail to appear, and to take judgment against them for want of a plea, is merely a defect in form, and can not be assigned for error.

A defendant, while he has a plea in bar on file, can not be defaulted.

If, in a proceeding to obtain an assignment of dower and for damages for withholding it, the defendants, having pleaded in bar, on being called, fail to appear, the plaintiff can have the damages assessed in the same manner as if the defendants had appeared and defended.-

If a judgment is rendered in form against "the defendants," it will be pre-sumed to be against all of them.

In an appeal to the Supreme Court, under the R. S. 1843, in the case of several defendants, all were required to join, or, on the refusal of any to do so, they were required to be summoned and severed.

APPEAL from the *Decatur* Circuit Court.

*Friday,*
*December* 15.

This was a petition in the Probate Court of *Decatur* county, filed by *Holmes* and wife against *Bradley Adkins*, and the heirs at law of *Martin Adkins*, deceased, some of whom were minors. The suit was for dower on behalf of the female plaintiff, who was the lawful wife of said *Martin* at the time of his death, and had since married the other plaintiff. The petition also claimed damages for the withholding of the dower. The Probate Court gave judgment against the heirs for dower, and also for damages for withholding the dower. The defendants took an appeal to the Supreme Court, which Court reversed the judgment of the Probate Court in respect to the damages, (on the ground that they had been allowed for too long a period), and having affirmed the residue of the judgment, remanded the cause, &c. The case was transferred to the Court of Common Pleas, by virtue of the statute providing for the transfer of the business pending in the Probate Courts to the Courts of Common Pleas.

Stuart, J.—The main facts of this case will be found in the opinion delivered when it was here on appeal from the *Decatur* Probate Court, *May* term, 1850. 2 Ind. R. 197.

Vol. VI.—3

In the Probate Court the parties all appeared to the suit. After it was reversed and remanded for a new assessment of damages, the Common Pleas issued process for the defendants. But this was superfluous. The parties were still in Court as they stood at the time the damages were erroneously assessed. The statute pointing out when a cause reversed and remanded shall stand for trial, does not seem susceptible of any other construction. R. S. 1843, p. 732, s. 321.

At the re-assessment of damages, the record notices the appearance by attorney of the appellants, *Kirby* and *Stewart*, but is silent as to the other defendants. The omission to default the infant defendants, and take judgment against them for want of a plea, is a mere defect in form, and can not be assigned for error. 2 Ind. R. 197.

As to the adult defendants there was a plea in bar filed and issue joined. They could not be defaulted. Whether they were called and failed to appear is not shown. In such case the plaintiffs could assess the damages in the same manner as if the defendants had all appeared and defended the cause. *Harris* v. *The Muskingum Manufacturing Company*, 4 Blackf. 267, and the authorities cited. And the judgment against the "defendants" will be presumed to be against all the defendants in the cause.

We think the jury was impanneled substantially in accordance with the second clause of section 17, of chapter 39, R. S. 1843.

The appeal is taken by *Kirby* and *Stewart* alone. All the defendants should have joined, or there should have been a summons and severance. *Kain* v. *Gradon*, 6 Blackf. 138 (1). The appeal must be dismissed.

*Per Curiam.*—The appeal is dismissed with costs.

*J. S. Scobey*, for the appellants.

*J. Ryman*, for the appellees.

(1) The provision in the R. S. 1852 in relation to the parties to appeals, is as follows:

"A part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court. Unless they appear, and decline to

join, they shall be regarded as having joined, and shall be liable for their due proportion of the costs. If they decline to join, their names may be struck out, on motion, and they shall not take an appeal afterwards, nor shall they derive any benefit from the appeal, unless from the necessity of the case, except persons under legal disabilities." 2 R. S. 1852, p. 158, s. 551.