May Term,
**1858.**

CARVER *v.* WILLIAMS.

CARVER
v.
WILLIAMS.

Suit in the Common Pleas upon a promissory note. Answer, that the note was given for real estate; that the vendor gave a bond for a deed on payment, but that he had no title. The bond was neither filed nor copied. Reply, that the obligor could convey "such a title as he undertook to convey in his said bond." The defendant moved that the cause be certified to the Circuit Court, because the title to real estate was in issue. Motion overruled. He then withdrew his appearance. He was called, failed to answer, and judgment was rendered against him by default.

*Held*, 1. That the title to real estate was not in issue; that the pleadings formed no valid, triable issue.

2. That by the statute, the bond, or a copy of it, should have been filed.

3. That if a party appear and plead, and then fail to appear at the trial, his pleadings stand; but if, after pleading, he withdraw his appearance, his pleadings go with it; that without an appearance a party cannot answer, nor can he have an answer standing where there is no appearance.

APPEAL from the *Madison* Court of Common Pleas.      *Saturday,*
                                                       *May* 29.
PERKINS, J.—Suit upon a promissory note.

Answer in two paragraphs—

1. That the note was.obtained by fraud.

2. That it .was given upon the purchase of a lot of ground; that at the purchase, a bond was given for a deed on payment of the note; and that the obligor had no title, &c.   The bond was neither filed nor copied.

Reply—1. Denial of the fraud.   2. Admitting that the note was given on the purchase of the lot mentioned, and that a bond was given; and averring that the obligor could convey, on payment of the note, "such a title as he undertook to convey in his said bond."

Thereupon, the defendant moved that the cause be certified to the Circuit Court, because the title to real estate was in issue.

The Court overruled the motion.

The defendant then withdrew his appearance to the action.   He was called, failed to answer, and judgment was rendered against him by default for the amount of the note.

The first question is, was the title to real estate put in issue?

It was held in *Rogers* v. *Perdue*, 7 Blackf. 302, that, in a suit upon a note, a plea that the note was given for real estate to which a good and sufficient deed in fee simple was to be made on its payment, with an averment that the obligor had no title, followed by a replication affirming title, put in issue the title to real estate. But this is not such a case. The answer does not aver that the bond called for a good title. The Court could not infer from it what kind of deed was required. A quitclaim might have filled the bond. It might not have required the conveyance of the title. A bond calling for *a good deed*, would be construed to mean a deed in fee simple with covenants. A bond simply calling for *a deed*, would not necessarily be so construed. And the replication is, that the obligor could make as good a deed as the bond required of him. These pleadings formed no valid, triable issue. It was wholly uncertain. It was one which the Court, in rendering final judgment, would, under any circumstances, have disregarded. Again, the bond made the foundation of the paragraph of the answer was neither filed nor copied. This the statute required. *Lamson* v. *Falls*, 6 Ind. R. 309.

The Court was not bound, upon such an invalid issue, to certify the cause to the Circuit Court.

But, if we are wrong in the foregoing views, still, the judgment below cannot be reversed.

If a party appears to a suit and pleads, and then simply fails to appear at the trial, his pleadings stand. But if, after pleading, he comes and withdraws his appearance to the suit, which, by leave of the Court, he may do, his pleadings go with his appearance. Without an appearance, a party cannot answer in a cause. Nor can he have an answer standing where there is no appearance. *Coffin* v. *The Evansville, &c., Co.*, 7 Ind. R. 413.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. Davis*, for the appellant.

*R. Lake*, for the appellee.