## WOODWARD *v.* WOUS.

An error in the name by which a party sues, occasioned by mistake or oversight, may be corrected in the complaint, and, with leave of the Court, in the summons, but not if the amendment is designed to substitute a different plaintiff.

APPEAL from the *Warren* Common Pleas.

WORDEN, J.—This was an action by *Wous* against *Woodward*, upon a promissory note made by the defendant to one *Swank*, and by the latter endorsed in blank to the plaintiff. Judgment for the plaintiff.

In the original complaint, the plaintiff was called *John Wous*, as was the case also in the summons. The defendant appeared, and put in an answer of several paragraphs. The plaintiff asked and obtained leave to amend the complaint by inserting the name of *Joseph Wous* instead of *John Wous*. The defendant then moved to quash the summons; but this was amended in like manner, and the motion to quash over-ruled. The defendant, then being called and not appearing, judgment was rendered against him as by default.

The ground upon which the Court permitted the complaint to be amended, does not appear; hence, we must presume the amendment was properly made, if such amendment would be legitimate in any case. If *John* and *Joseph Wous* were really different persons, and if the amendment substituted a different plaintiff, it may well be doubted whether such amendment should be made. But if, on the other hand, through some mistake or oversight, the plaintiff had been called *John* when his true name was *Joseph*, and if the amendment did not involve a real change of plaintiffs, but only a correction of the real plaintiff's name, such amendment might, under some circumstances at least, be properly made. The ruling does not appear to have been erroneous. If the complaint could be amended in this respect, it seems to follow that the summons could also. Indeed, the only objection to the amendment of the complaint is, that the defendant was called upon to answer a different party than the one named as plaintiff in the summons.

It is objected that a default could not be taken over the answer, which had been filed by the defendant. If the answer, which had been put in to the original complaint, should

be deemed as standing, and being applicable to the amended complaint, then it would seem that error was committed. The defendant did not withdraw his appearance, but simply failed to appear, and this left his answer to stand. *Carver* v. *Williams*, 10 Ind. R. 267.

But should the answer to the original complaint be regarded as standing to the amended complaint? We think not. It was not re-filed as an answer to the amended complaint, nor was anything done indicating an intention that it should be regarded as such. The conduct of the appellant clearly indicates that he did not so regard it. He moved to quash the summons, which he could not have done while an answer was standing to the complaint.

We see no error in the record; hence, the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs, and 5 per cent. damages.

*L. Miller, J. H. Brown,* and *James Park,* for the appellant.
*Gregory & Harper,* for the appellee.