--------o--------

## Norris *v.* Dodge's Administrator.

Practice.—A cause which is at issue need not be called until the day set for its trial, unless the issues are opened, or some interlocutory order is to be taken.

Default.—Where a cause is at issue, the party can not be defaulted until the day set for trial, unless upon the failure to discharge some rule or order.

Continuance—Costs.—When a party was defaulted before the day set for trial of the cause, and failed to move to set aside the default till the last day of the term, he should pay the costs of the continuance caused by his negligence.

Implied Promise.—The law does not imply a promise on the part of a neighbor or friend, who assists in giving decent sepulture to the dead, to pay for such articles as are required for the purpose, simply because he calls for them of parties who have full information of the circumstances which require them.

EVIDENCE.—In a suit against the father for the coffin of his son, who was an adult, and had a family of his own, it was improper to introduce evidence of the pecuniary condition of the deceased.

APPEAL from the *Floyd* Circuit Court.

FRAZER, J.—Suit by *Norris* against the intestate, in his lifetime before a justice, for the price of a coffin for the intestate's son, appeal to the Circuit Court, when the defendant had judgment, from which the plaintiff appeals.

In the Circuit Court, on the second day of the term at which the cause was first for trial, the defendant, in his absence, was defaulted, and, as proof, judgment was taken against him for the claim, $12 and costs. On the twelfth and last day of the term, the defendant moved to set aside the default and judgment, showing by affidavit a meritorious defense, and that he and his attorney had been informed by the clerk, and believed that the cause would not be called until the fifth day of the term. The motion was continued until the next term, and the plaintiff ordered to be notified; at the next term it was granted, and the plaintiff adjudged to pay all costs occasioned by the judgment by default.

The questions presented for our consideration are: 1. Did the court err in setting aside the judgment by default? 2. Did it err in charging the costs occasioned by that judgment to the plaintiff? 3. Was the last finding supported by the evidence? 4. Did the court improperly exclude evidence?

1. The statute requires the causes to be placed on the issue docket, so that as many shall be set for each day as will, in the clerk's opinion, be disposed of, and they must be called for trial in their order on the docket. 2 G. & H. 216, sec. 359. But they may all be called for issues on the second day of the term. Sec. 69. It follows from these enactments that a cause which is at issue need not be called at all until the day set for its trial, unless the issues are opened, or some interlocutory order is to be taken; and that, where a cause is at issue, the party can not be

defaulted until the day for trial, unless upon failure to discharge some rule or order which may be entered in the mean time. We may, and perhaps ought to, infer from the showing that the cause was docketed for the fifth day, and being an appeal from a justice, it was at issue. No order or rule had been taken against the defendant. The default was therefore improperly taken, and the court did right in setting it aside.

2. If the defendant had appeared on the day for which the cause was docketed, he might have had the default set aside, without any showing and without delay; for the plaintiff would have needed no notice, being still in court. A trial might then have been had immediately, and costs saved; but the party waited until the very last day of the term, and by his delay made a continuance necessary, and thus multiplied the costs. We can not perceive why the plaintiff should be made to pay for the consequences of the defendant's negligence. Slow as we should be to disturb the action of the Circuit Court, in a matter which ought, in large measure, to be left to its discretion, and indisposed as we should also be to encourage the bringing here of cases of so little importance as this one, yet we must interpose upon this question of costs. Compelled to pass upon the question, we are not willing to make a precedent which we can not follow in more important cases.

3. If every neighbor or friend who assists in giving decent sepulture to the dead, by performing the kind offices required by the occasion, raises an implied assumpsit on his part to pay for such articles as are required for the purpose, simply because he calls for them of parties who have full information of the circumstance which requires them, then clearly the finding of the court below for the defendant was against evidence. He did that; and he was the father of the dead, who was an adult, and had a family of his own. But a father may stand upon his legal rights, and refuse to pay the funeral expenses of a son who is no

longer a member of his family. This father chose to do so, and to maintain his position as a witness under oath. We do not think that a promise to pay can be implied from the circumstances named. Such a 'doctrine would be against humanity, decency, and public policy. It is easy for the person called upon to supply the necessary articles for a funeral to decline, unless some responsible person will expressly undertake to pay. We see no reason to disturb the finding.

4. The court below refused to admit evidence of the insolvency of the man for whose burial the coffin was furnished. This was right. There was nothing in the case rendering it proper to ascertain the pecuniary condition of the deceased.

The judgment against the appellant for the costs occasioned by the judgment by default is reversed, with half costs here; in all things else the judgment below is affirmed; cause remanded, with directions to the court below to render judgment against the appellee for all costs in the cause, at the *October* term thereof, 1861, except the costs of entering and taking the judgment by default.

*John H. Stotsenberg* and *Thomas M. Brown*, for appellant.