WRIGHT v. HOWELL *et al.**

1. Pleading: TO AMENDED PETITION. It seems there is no statutory provision fixing the time within which an answer to an amended petition must be filed.

2. ―― DEFAULT: FAILURE TO ANSWER AMENDED PETITION. In the absence of any provision of the statute, or rule of court, or practice, regulating the time in which an answer to an amended petition is to be filed, a default should not be granted unless for failure to comply with an order of the court fixing the time within which defendant was to answer.

*Appeal from Polk District Court.*

FRIDAY, JANUARY 31.

DEFAULT FOR FAILING TO ANSWER AMENDED PLEADINGS: IN EQUITY. Petition by the plaintiff, a judgment creditor of W. F. Ayres, to redeem from a certain mortgage foreclosed without making plaintiff a party. The court below defaulted defendants because they did not answer in time, and refused, upon a showing, made for and against the application, to set such default aside.

Defendants excepted and appeal. The other facts are shown in the opinion.

*S. Sibley* for the appellant.

*Withrow & Wright* for the appellee.

DILLON, Ch. J. — The original petition was filed in December, 1864, and within the sixty days given by the statute, and allowed by the court, the defendants demurred thereto.

In January, 1866, the demurrer "came on to be heard," the plaintiff confessed, and had leave to file an amended petition. No time was fixed in which it should be filed, or in which, when filed, defendants should answer thereto.

In four days afterward, it being in term time, the amended petition, called an "amended and substituted petition," covering the whole ground of the first petition, with some additional allegations, was filed.

On the 29th day of June, 1866, the plaintiff filed the motion for a default which was subsequently, to wit, at the July Term, 1867, sustained by the court. This motion asked for a default against the defendants "for the reason that they had failed to answer the amended petition herein filed as required by law and the rules of the court."

On the 16th day of July, 1866 (the next month after said motion for default was filed, and before it was decided), defendants answered to the merits.

After the motion for default was filed, and before the same was sustained, and while the answers were on the files of the court, both parties took evidence relating to the merits of the controversy. There is a showing made by the affidavit of plaintiff's managing attorney that he did not, by taking depositions, or by any other action of his, intend to waive the motion for a default.

An affidavit is filed by the defendant's attorney showing that, within sixty days after the amended petition was filed, he endeavored to find the papers in order to answer, but they could not be found by the clerk, nor by the plaintiff's attorney, and that they were not found until the 18th day of May, 1866, when they were discovered by the plaintiff's attorneys in their office. The affidavits on each side show other matters to which it is not necessary more minutely to refer, except to say that it is satisfactorily shown by the plaintiff's attorneys, that they did not know the papers were in their office, and supposed they were on the files; and by defendant's attorney that he filed the answer within sixty days from the time he received the papers, and during the next

term of the court thereafter. In our opinion the default was improperly granted.

It was asked, on the ground, that an answer had not been filed to the amended petition, within the time " required *by law* and *the rules* of the court." This presents the inquiry : When, by *law*, is a party bound, at the peril of being defaulted, to answer an amended petition ?

Appellant's cousel have not referred us to any section of the statute prescribing the time in which defendant must answer an amended petition. We have examined in vain to find any provision of the statute on this subject.

1. PLEADING: to amended petition.

Counsel admit, that there is no *rule of court* defining the time in which answers to amended pleadings must be filed. If there is no law, and no rule of court, when is a party in default for not answering ? Who can tell ? Is he in default the next day, or in ten days, or in sixty, or in one hundred days ?

When a party seeks to prevent his adversary from a hearing upon the merits, he ought to show, that his adversary has failed to comply with some statute, or with some general or special rule or order of court. A default condemns a party without a hearing; his rights are determined in a summary manner, and not upon the merits. The default should be clear, or the iron rule of deciding against, without hearing a party (which a default effectually does), should not be applied.

2. —— default: failure to answer amended petition.

The amended petition was filed on the 26th of January, 1866.

But no rule or order was taken or entered fixing the time when defendants should answer it. Such a rule or order the plaintiffs might doubtless have had for the mere asking. If the court had fixed a time within which the answer should be filed, and this order had not been com-

plied with, the case would have been very different. But, in the absence of any special order, in the absence of any statute or general rule of court, fixing the time in which the answer to amended pleadings shall be filed, we again inquire when is a party in default for not answering such pleadings?

Appellee's counsel felt the force of this inquiry, and have argued, that the defendants were in default at the expiration of sixty days from the time the amended petition was filed. This time they adopt by analogy. They claim, as defendants have but sixty days from date of service in which to answer the original petition, it being in equity (Rev. § 2852), they should not be allowed more than that number of days in which to answer an amended petition. True, they should not, unless upon a special showing, that more time is necessary. In most cases amendments should be promptly answered. If the analogy of sixty days is to be adopted in this case, then the corresponding analogy of ten days would be adopted in law actions; and, to make the analogy good we would have to hold, that a party would have a right to the sixty days in the one case and to the ten days in the other — *a right* to it — a right which the court could not take away or abridge.

Would we be willing to hold, that the court could not, in an equity cause, order an amended petition to be answered in less than sixty days, or in a law action in less than ten days from the time it was filed? Such a holding would startle the district judges and the bar. And, with the almost unlimited right to amend which the law gives, such a holding would lead to protracted and vexatious delay in the determination of causes. For these reasons, the court below erred in granting a default; and also erred in not setting it aside. If the District Court had certified, or if it had otherwise been shown, that

there was by the *uniform practice* of the court, a fixed time within which amended pleadings should, in the absence of a special order, be filed, then, as the practice of the court is the law of the court, we should not interfere with the ruling refusing to open a default without a clear showing, that there had been a plain and manifest abuse of the discretion of the court.

The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.