### ROLLINS v. COGGSHALL *et al.*

**Default: PLEADING.** Where a demurrer to an answer is sustained, a default should not be granted for want of a further answer, in the absence of any rule or order of the court fixing the time within which such answer must be filed.

*Appeal from Story District Court.*

WEDNESDAY, AUGUST 31.

ACTION in chancery. The defendants filed an answer in the nature of a cross-bill, to which plaintiff demurred. Defendants confessed the demurrer. During the vacation, after the adjournment of the term, the defendants having failed to answer further, plaintiff claimed default for want of an answer; the claim was properly entered by the clerk, under the rules of the court, and, at the next term, was confirmed, and judgment rendered thereon by the court. Defendants' attorney filed a motion to set aside the default, supported by an affidavit of merits, and giving an excuse for his failure to answer. The motion was overruled. From the judgment of the court refusing to set aside the default defendants appeal.

*J. S. Frazier* for the appellant.

No appearance for the appellee.

Rollins v. Coggshall

BECK, J. — The rules of the district court prescribes no time in which parties, in cases where demurrers are sustained or confessed, shall answer or file amended pleadings. Neither was there a special rule or order, in this case, requiring defendant to answer within a certain time. There is no statutory provision upon the subject.

Revision, section 3148, provides, that if an answer is held insufficient upon demurrer, and the defendant fails to answer further, " as required by the rules of, or by the court," judgment by default may be rendered against him. The confession of a demurrer by the party against whose pleading it is directed, operates as a judgment of the court sustaining it. The case before us, then, is the same as one where a demurrer to an answer is sustained by the court. A default, therefore, for want of a further answer, could not have been entered until the expiration of the time prescribed by general or special rule of the court. § 3148. There was no general rule upon this subject, and no special rule was taken. If plaintiff desired an answer to be filed within a certain time, it was his duty to have taken a special rule upon defendants to that effect. A default can only be taken against one who has failed to comply with some rule or order of the court. *Wright* v. *Howell*, 24 Iowa, 150. The default in this case was improperly entered, and the motion to set it aside should, therefore, have been sustained.

Reversed.