## McCLURE ET AL. *v.* TAYLOR.

PRACTICE.—*Appeal from Joint Judgment.*—Where part only of several co-defendants appeal from a joint judgment against them all, without notice of the appeal to the defendants who do not unite therein, the appeal will be dismissed on motion.

APPEAL from the Montgomery Circuit Court.

PETTIT, J.—This suit was brought by the appellee against David F. McClure and wife, Gustavus Scott and wife, William Holland and wife, Jacob A. McClure and wife, and Richard Clark and wife, to recover possession of real estate and damages for being kept out of possession. All of the defendants answered jointly. They all remained in the case to its end below, and had a joint judgment in their favor for four

hundred dollars, and a joint judgment against them for possession of the land and costs of the suit.

The transcript shows that McClure and Holland appealed. There were six defendants of these names, four McClures and two Hollands. The assignment of errors, however, explains who the appellants are. In that pleading, as if there should be no mistake, it is twice written that David F. McClure, Elizabeth McClure, William Holland, and Becky Holland only, appeal and assign errors.

On the 24th day of May, 1871, while this court was in open session, a motion by the appellee was filed to dismiss the appeal, for the reason, among others, that only part of the defendants below are prosecuting the appeal, and have not given any notice to their co-defendants. Without action on this motion, the cause was submitted. Appellee insists upon her motion to dismiss, while appellants insist that the motion was overruled, or their counsel so understood it. We have carefully examined the judges' docket and minutes kept by the Chief Justice, and also the order book made up by the clerk, in relation to this case, and neither shows that the motion was overruled, or that any action was taken for that purpose. But even if it had been overruled by the court, that order ought to be set aside and the appeal dismissed. This case must be dismissed. This ruling is required by our present statute, 2 G. & H. 270,. sec. 551, and was by the statute of 1843; see sections 22, 23, 24, 25, 26, 27, and 28, chap. 37, pp. 630 and 631. The statutes are only written copies of the common law. *Kirby* v. *Holmes*, 6 Ind. 33; *Kain* v. *Gradon*, 6 Blackf. 138; *Williams* v. *The Bank of the United States*, 11 Wheat. 414; *Owings* v. *Kincannon*, 7 Pet. 399; *Deneale* v. *Stump's Ex'rs*, 8 Pet. 526; *The Heirs of Wilson* v. *The Life and Fire Ins. Co. of N. Y.*, 12 Pet. 140; *Bradshaw* v. *Callaghan*, 8 Johns. 558; *Andrews* v. *Bosworth*, 3 Mass. 223; *Porter* v. *Rummery*, 10 Mass. 64; *Gay* v. *Richardson*, 18 Pick. 417. A considerable number of cases in this court have been dismissed for this reason within the last year, which have not been reported.

The appeal is dismissed, at the costs of the appellants.

*S. C. Willson, L. B. Willson, J. M. Butler, J. Buchanan, M. D. White,* and *T. Patterson,* for appellants.

*J. McCabe,* for appellee.