Kellenberger *v.* Perrin *et al.*

---

## KELLENBERGER *v.* PERRIN ET AL.

PRACTICE.—*Default.*—It is error to enter a default and render judgment against a defendant who has demurred to the complaint, while his demurrer remains undisposed of.

RECORD.—*Nunc pro tunc Entry.*—Where by a *nunc pro tunc* entry in the court below, certified to the Supreme Court on a *certiorari,* it is shown that an error appearing in the record originally sent up was not in fact committed, the record stands as though such error had never appeared.

MOTION.—*Affidavits.*—Affidavits filed in opposition to a motion to correct the record of an inferior court are not properly a part of the record on appeal, unless made so by a bill of exceptions.

From the Warren Common Pleas.

*W. C. Wilson* and *J. H. Adams,* for appellant.

*R. C. Gregory, J. R. Coffroth,* and *R. P. Davidson,* for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellant and William Royal, on a promissory note. The action was commenced in the Tippecanoe Common Pleas. At the first term of the court, the defendants appeared and filed a demurrer to the complaint. The appellees then amended their complaint, whereupon the defendants re-filed their demurrer thereto. A change of venue was then taken to the Warren Common Pleas, and, without closing the issues, the cause was transferred. At the two succeeding terms of the Warren Common Pleas, the cause was continued by the agreement of the parties. At the February term, 1873, and on the second day thereof, the cause being set for the third

day, the appellant was called and defaulted, and judgment rendered against him for failing to appear and plead. And a rule was entered against Royal to answer the complaint by two o'clock of that day, and for failure to comply with such rule, judgment was rendered against him. Kellenberger alone appeals. Royal was notified of such appeal, but he has not appeared and declined to join in the appeal.

At the time the appellant was defaulted, the appearance which had been entered for him had not been withdrawn, and his demurrer to the complaint was standing undisposed of. No rule to plead could be entered against him, while an issue of law was pending, undisposed of. The appellant was not in default at the time he was called and defaulted. He had appeared and demurred to the complaint. The demurrer was undecided. His appearance had not been withdrawn. The judgment by default was irregular and erroneous. *Ellison* v. *Nickols*, 1 Ind. 477; *Carver* v. *Williams*, 10 Ind. 267; *Sloan* v. *Wittbank*, 12 Ind. 444; *Woodward* v. *Wous*, 18 Ind. 296; *Norris* v. *Dodge's Adm'r*, 23 Ind. 180; *Wright* v. *Howell*, 24 Iowa, 150; *Rollins* v. *Coggshall*, 29 Iowa, 510.

But by the return to a *certiorari* awarded by this court, it appears that the record in this cause was, upon motion and notice at the February term, 1874, amended so as to show that the appearance which was entered in the Tippecanoe Common Pleas was for William Royal, and that the demurrer was filed by and for said Royal alone. The record as amended, then, shows that the appellant failed to appear and plead. The default was therefore correctly entered, and no attempt has been made in the court below to have it set aside.

It appears from the amended record, that the appellant appeared and resisted the application to correct the record so as to show that he had not appeared and demurred to the complaint, and that he excepted to the judgment of the court ordering the *nunc pro tunc* entry; and that thirty days time was granted him in which to prepare and file a bill of

·exceptions. But it does not appear that any bill of exceptions was filed. The clerk has copied into the amended transcript what purport to be numerous affidavits, which he says were read upon the hearing of such motion, but this does not make them a part of the record. *Kesler* v. *Myers,* 41 Ind. 543.

The *nunc pro tunc* order, therefore, stands without anything in the record to impeach it, or to present any question for our decision in relation thereto. The record then stands as though it had never showed·an appearance for, and the filing ·of a demurrer by, the appellant. *Bush* v. *Bush, ante,* p. 70.

The judgment is affirmed, with costs.