## Terrell et al. *v.* The State, ex rel. Root.

**Practice.**—*Uncertainty of Complaint on Sheriff's Bond, for Failure to Levy.—Demurrer.*—Where, in an action on a sheriff's bond, for a failure to levy an execution, the complaint charges the sheriff's neglect in a merely uncertain manner, the remedy is by motion and not by demurrer.

**Same.**—*Judgment on Default, over Plea in Bar.—Trial by Jury.*—Where there is an issue formed on a complaint by the answer of general denial,

judgment on default can not be rendered, nor the damages assessed by the court, upon the non-appearance of the defendant, but the issue must be tried by a jury.

From the Howard Circuit Court.

*N. R. Linsday,* for appellants.

*N. P. Richmond,* for appellee.

BIDDLE, J.—Suit by the appellee, against the appellants, on a sheriff's bond.

Answer, general denial. Judgment by default, over the answer, and damages assessed by the court without a jury. Motion to set aside the judgment by default, overruled, and exception. Appeal.

The alleged errors assigned in this court are :

1. The complaint does not state facts sufficient to constitute a cause of action ;

2. Neither paragraph of said complaint states facts sufficient to constitute a cause of action ; and,

3. Overruling the motion to set aside the judgment, and for a rehearing.

The breaches of the bond alleged in the complaint are, that the sheriff failed to make a levy upon the property of the judgment defendants, and for failing to return the execution within one hundred and eighty days. The objection taken against the complaint is, that the breaches do not aver that the property of the judgment debtors had any value.

This breach, under the first paragraph of the complaint, is in the following words :

" That, although at the time of the delivery of the said execution to said defendant, and ever since, there has been a large amount of personal property and real estate of the said Leeds, and also of the said Hacker, within the county of Howard, subject to levy and sale upon the execution aforesaid, the existence of which was well known to said Terrell, yet, in violation of his duty as

such sheriff, he wholly failed and neglected to levy said execution upon property of said Leeds or said Hacker, and wholly failed and neglected to offer to sell any property," etc.

Perhaps, on motion, this breach might have been made more definite and certain as to the value of the property described, but we think it is sufficient to withstand a demurrer for want of facts, and, after verdict without a demurrer, we think there can be no doubt of its sufficiency. When the facts pleaded are sufficient, but are not pleaded with sufficient certainty or particularity, the proper practice is to move to have the pleading made more definite and certain by amendment; but when the facts pleaded are insufficient, whether well or ill pleaded, a demurrer to the pleading is the proper practice. 2 R. S. 1876, p. 79, sec. 9.

Similar breaches in the other paragraphs of the complaint are made more certain than the one in the first paragraph, by adding to the averment as to the property of the judgment debtors the words "out of which the entire debt of plaintiff might have been paid and satisfied." We think that each paragraph of the complaint is sufficient.

At the call of the cause for trial, the record shows the following entry:

"Comes plaintiff, by Richmond, Kern and Moore, attorneys, and defendants not appearing further to this cause," etc.

The defendants were then defaulted, and the court assessed the damages without the intervention of a jury. This is erroneous. The answer in denial had not been withdrawn. A judgment can not be taken against a defendant by default, if there is an answer in bar in the record, upon which issue is taken. In such a case the issue should be tried by a jury. *Harris* v. *The Muskingum Manufact-*

*uring Co.*, 4 Blackf. 267 ; *Maddox* v. *Pulliam*, 5 Blackf. 205 ; *Ellison* v. *Nickols*, 1 Ind. 477 ; *Kirby* v. *Holmes*, 6 Ind. 33 ; *Norris* v. *Dodge's Adm'r*, 23 Ind. 190 ; *Kellenberger* v. *Perrin*, 46 Ind. 282.

The judgment is reversed, at the costs of the relator, and the cause remanded, with instructions to set aside the judgment by default, and for further proceedings.