Love *et al.* *v.* Hall.

---

No. 9500.

LOVE ET AL. *v.* HALL.

PRACTICE.—*Judgment on Default Over Plea.*—*Trial by Jury.*—*Waiver.*—Under section 340 of the code, 2 R. S. 1876, p. 173, a defendant, who has pleaded to the action but fails to appear at the trial, waives the right to have the issues tried by a jury. *Terrell* v. *The State*, 68 Ind. 155, overruled.

SAME.—*Failure to Appear, Effect of.*—*Pleading.*—The failure of a defendant, who has pleaded, to appear at the trial, does not take out his pleading as the withdrawal of his appearance would.

From the Marion Superior Court.

*H. W. Harrington* and *A. G. Howe*, for appellants.
*T. L. Sullivan* and *A. Q. Jones*, for appellee.

WORDEN, J.—Suit by the appellee, against the appellants, to foreclose a mortgage. There were five defendants, three of whom answered. Samuel Love was one of those who answered. The other two defendants were defaulted. The cause having been set for trial on a particular day, and the day having arrived, those having answered not appearing, the court proceeded to the trial of the issues joined, without a jury, and found for the plaintiff, and assessed her damages as well against those who had pleaded as those who had made default, and rendered the proper judgment. Afterward, Samuel Love moved to set aside the judgment on the ground that a jury should have been empanelled to try the issues and assess the damages, but the motion was overruled.

These proceedings at special term were affirmed at general term, and the correctness of the decision at general term is questioned here.

The proceedings below seem to us to have been entirely regular. The failure of those who had pleaded to appear at the trial did not take out their pleading as the withdrawal of their appearance would. *Carver* v. *Williams*, 10 Ind. 267; *Sloan* v. *Wittbank*, 12 Ind. 444; *Cox* v. *Davis*, 16 Ind. 378; *Woodward* v. *Wous*, 18 Ind. 296.

Those who had pleaded had the right to have the issues joined tried, and the court proceeded, accordingly, to try them. The parties who had pleaded, by failing to appear at the trial, waived the right to have the issues tried by a jury. The statute is explicit on this subject. It provides that "The trial by jury may be waived by the parties in all actions, in the following manner: *First.* By failing to appear at the trial." 2 R. S. 1876, p. 173, sec. 340. This enactment was valid. See the case of *The Madison, etc., R. R. Co.* v. *Whiteneck*, 8 Ind. 217, 218; *Willets* v. *Ridgway*, 9 Ind. 367.

But the case of *Terrell* v. *The State ex rel.*, 68 Ind. 155, is relied upon by the appellant. There, defendants who had pleaded failed to appear at the trial, and they were defaulted. BIDDLE, J., said, speaking for the court: "The answer in denial had not been withdrawn. A judgment can not be taken against a defendant by default, if there is an answer in bar in the record, upon which issue is taken. In such case the issue should be tried by a jury." Several authorities are cited upon the point, an examination of which shows that such of them as hold that the issues in such case must be tried by a jury, were decided upon the practice as it stood before the taking effect of the code of 1852. The proposition that the issue in such case must be tried by a jury is erroneous, and must be overruled. The provision of the code above cited was doubtless overlooked.

The judgment below is affirmed, with costs.