No. 8745.

## FIRESTONE v. FIRESTONE.

PRACTICE.—*Default.*—*Answer.*—*Trial.*—*Witness.*—Where a defendant's answer is standing, judgment can not be entered against him by default; but, unless summoned and failing to appear as a witness, he must be called and the cause submitted to the court for trial.

Firestone *v.* Firestone.

BILL OF EXCEPTIONS.—*Omission of Signature.—Power of Judge.—Correction of Record.*—A paper, purporting to be a bill of exceptions, presented to the judge August 22d, 1879, examined and approved and filed by him, but not signed, on that day, did not become a part of the record by his adding his signature April 26th, 1880, and appending an explanation of his omission thereof, the term having closed and time not having been given in term, and no proceedings being had by notice and motion for the correction or amendment of the record.

From the Kosciusko Circuit Court.

*E. Haymond* and *L. W. Royse,* for appellant.

*C. Clemans* and *A. C. Clemans,* for appellee.

ELLIOTT, C. J.—The appellant had appeared and answered the complaint of the appellee, but on the day on which the cause was set for trial failed to appear, and judgment was entered against him by default. At the same term, and within a day or two after the judgment was entered, he moved to set aside the default and judgment.

It is the general rule, that where a defendant's answers to the complaint are standing, judgment can not be entered against him by default. In such a case, the proper course is to call the defendant and submit the cause to the court for trial. *Harris* v. *The Muskingum Manf. Co.,* 4 Blackf. 267 (29 Am. Dec. 372) ; *Maddox* v. *Pulliam,* 5 Blackf. 205 ; *Ellison* v. *Nickols,* 1 Ind. 477 ; *Kirby* v. *Holmes,* 6 Ind. 33 ; *Norris* v. *Dodge's Adm'r,* 23 Ind. 190 ; *Kellenberger* v. *Perrin,* 46 Ind. 282 ; *Love* v. *Hall,* 76 Ind. 326. We are speaking, we add to prevent misunderstanding, of cases where the defendant has not been summoned as a witness.

The record does not show any ruling upon the motion to set aside the default, nor does it show any exception. The only place where this appears is in what purports to be a bill of exceptions.

The paper which appellant treats as a bill of exceptions was presented to the judge of the court wherein this cause was tried, on the 22d day of August, 1879, but was not signed until the 26th day of April, 1880. The explanation for the

failure of the judge to attach his signature to the bill appears in the statement appended to the paper, which is as follows:

"This bill of exceptions was presented to me August 22d, A. D. 1879, was by me examined and approved and filed with the clerk of the Kosciusko Circuit Court on that day in the belief that I had attached my signature thereto, but an examination of the bill discloses the fact that by mistake my signature was not attached, and by reason of such omission and mistake I now sign the same, this 26th day of April, 1880, for the said 22d day of August, 1879.

(Signed)                          "ELISHA V. LONG,
              "Judge Kosciusko Circuit Court."

The term at which the judgment was entered had closed, and no motion was made for the correction or amendment of the record, nor was any notice given the appellee that appellant would ask for the correction or amendment of the record. The paper designated as the bill of exceptions can not be so regarded, for it was not signed or authenticated as the law requires. The term at which the judgment was rendered having closed, the proceedings were no longer *in fieri*. The record could not, therefore, be amended in any essential particular without notice to the appellee. Records can only be amended by proceedings in court. What a judge does outside of the proceedings in court, or in proceedings properly therewith connected, is not a part of the record of the trial. Bills of exception must be signed in term or within the time after term designated while the court is in session. There is no power to sign a bill after term time, except in cases where the time has been extended by an order made during the term.

Whether the appellant, upon proper notice, could have secured an amendment such as that attempted, we need not and do not decide. It is certain that a judge can not, upon mere request, out of court, and by a mere certificate, make good a bill not signed within the time prescribed by law. It is the court that grants leave to amend records, and not the individual who holds the office of judge. It is the record of the

court, and not the mere statement of the judge made out of court, that is evidence of the contents or authenticity of a record. If it were conceded that a judge might sign a bill after the term and after the expiration of the time limited, his bare statement that he did sign it, and of the reasons why he signed it, would not be matter of record. Judicial records are not made by such methods. Proceedings in court are essential to the existence of judicial records. Appellate courts look only to the record, not to the statements of the judge made out of court. The statement endorsed on the bill before us is no part of the record, for it was not made in court, neither in the due course of legal proceedings, nor in the rightful exercise of any judicial duty.

As there is nothing properly in the record showing the ruling upon appellant's motion, and nothing showing any exception, we are compelled to affirm the judgment.

Judgment affirmed.