Wall *et al. v.* Galvin.

---

No. 8084.

## WALL ET AL. *v.* GALVIN.

PRACTICE.—*Joint Plaintiffs.—Joint Contract.—Release.—Replevin Bond.— Amendment.—Pleading.*—In an action by joint obligees against joint obligors upon a replevin bond, where one of the plaintiffs filed a writing signed by himself, purporting to release one of the defendants, and moved to dismiss the action, it is not error to refuse to entertain such motion, and to permit him to dismiss the action as to himself, and the other plaintiff to file an amended complaint making him a defendant. The defendants, to have availed themselves of such release as a release of them all, should have pleaded it.

SAME.—*Parties.—Pleading.*—When one is made defendant because of his refusal to join as plaintiff in an action, it is enough to allege in the complaint such refusal, without stating the reason thereof.

SAME.—*Default Over Answer.—Docket Entries.—Presumption.*—It is error to enter a judgment by default against a party whose answer is on file;

but if the answer is not in the record, and it appears that it could not be found by the clerk when the transcript was made, it will be presumed that it was not on file when the default was taken, notwithstanding an order book entry in the words, "Defendants file their answer."

SAME.—*Exhibits Filed with Pleadings.*—Where the bond sued on is described in the complaint as "Exhibit A," but the copy in the transcript is not so marked, it is immaterial. It is sufficient if an exhibit is filed with a pleading and so referred to as to be identified.

From the Boone Circuit Court.

*R. Hill* and *J. W. Nichol,* for appellants.

*C. C. Galvin,* for appellee.

WOODS, J.—The record in this case shows an original complaint by the appellee and Thomas Coleman, against the appellants and William B. Walls, upon an alleged replevin bond, of which, however, no copy was exhibited. On the 7th day of the April term (1878) of the court, the following entry was made of record in the cause:

" Come the parties, by their attorneys, and the plaintiff Thomas Coleman files his motion to dismiss this cause as to him, as follows, to wit: (omitting title) ' Comes now the plaintiff Thomas Coleman, and hereby releases the defendant William B. Walls from any and all liability on the bond sued on and hereby asks that said suit be dismissed as far as he is concerned, for the reason that said suit was brought without the knowledge or consent of him, the said Thomas Coleman.

(Signed),                     "' THOMAS COLEMAN.'"

The court, taking no action upon this document, overruled a demurrer to the complaint, and day was given until the ensuing September term, when an entry was made of a dismissal of the cause as to himself by Coleman at his own costs, and on motion of the appellee the cause was continued, with leave to amend the complaint, making new parties. At the ensuing November term, the appellee filed an amended complaint, setting out a copy of the bond sued on, and making Coleman defendant for the alleged reason that he had refused to join in prosecuting the action. Coleman appeared and filed

an answer disclaiming any interest in the cause of action. The next entry in the record is as follows:

"Come the parties by their attorneys and the defendants file their answer to the amended complaint, which said answer is not now on file among the papers in said cause, nor can the same be found in my office, diligent search having been made by me."

This entry, or so much of it as may be presumed to be transcribed from the record, was made on the 19th day of the term. On the 27th day of the same term, on motion of the plaintiff, the appellants were each three times called, but made default; and day was given until the 30th day of the term, when, upon the appellee's motion, the cause as to the appellants, and upon their default, was submitted to the court for trial, and, after hearing the evidence, the court found for the plaintiff and gave him judgment for the damages assessed and costs. As to William B. Walls, the cause was continued.

No objection was made or exception taken by any of the parties at any stage of these proceedings.

The bond sued on is of the following tenor:

"We, Robert N. Wall, James W. Cavin and William B. Walls, are bound to Thomas Coleman and Joseph L. Galvin in the penal sum of three hundred dollars, under the condition following:

"Whereas the said Robert N. Wall has this day filed with the clerk of the Boone Circuit Court, a complaint against said Thomas Coleman and Joseph L. Galvin for the recovery of one bay horse, and is about to take out a writ to replevy the same: Now, if the said Robert N. Wall shall prosecute his said complaint to effect and return said horse to said Thomas Coleman and Joseph L. Galvin, if judgment of return be awarded him, and pay all damages awarded him in said cause, then this bond shall be void.

"Witness," etc., and signed by the obligors named.

"Taken and approved by me this 20th day of April, 1875.
"ED. REYNOLDS, Sheriff B. Co."

Without rehearsing the assignment of errors, we proceed to consider the points discussed by counsel for the appellant. We quote from their brief:

"The first error assigned is that the court proceeded in the cause after the dismissal thereof by Coleman and the release of Walls, one of the defendants and joint makers of the bond sued upon by Coleman, one of the joint obligees of the bond. The obligation sued upon is alleged by the complaint to be joint, and not joint and several, both as to obligors and obligees. Each obligee had the right to receive payment, compromise, release, or in any other way extinguish the right of action upon the bond without the concurrence of the other obligee. 1 Parsons Contract 24-6, Chitty Con.780; 1 Selwyn Nisi Prius, 588. Hence, the plaintiff below, Thomas Coleman, had the right to release the defendants below. A release of one obligor in a joint obligation is a release of all. 1 Selwyn Nisi Prius, 588; *Allen* v. *Wheatley,* 3 Blackf. 332; *Bronson* v. *Fitzhugh*, 1 Hill, 185. * * * * The release being thus a satisfaction of record of the claim sued on, for this reason alone the judgment below was erroneous, and should be reversed."

Without disputing the propositions of law, we are not able to concur in the conclusion thus advanced.

If appellants desired to avail themselves of the alleged release of Walls as effecting a release of themselves, they should have set it up as an answer to the complaint of the appellee. Assuming that, if valid and fairly made by Coleman, the release could have the effect claimed for it, it is nevertheless clear that the appellee was entitled to an opportunity to dispute its validity upon any ground which the facts might warrant; as, for example, that it was obtained of Coleman by fraud or by duress, or that the latter was of unsound mind and incapable of executing it.

While the court may have been warranted in permitting the name of Coleman to be stricken out as a plaintiff in the case, it would have been clearly improper to have permitted the

document so filed to have had any other effect upon the standing of the other parties in court.

The court may not, upon the filing of a writing made by one party in evident hostility to the claims of another, assume that the writing is genuine and effective, and summarily dismiss the action of such other person. The orderly course of procedure, which permits the forming and trial of issues of fact, must be followed.

The 19th section of the Code (1852), Revision of 1881, section 269, expressly declares, that " if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint." It is clear, therefore, that the court did right in permitting the appellee to file an amended complaint, making Coleman a defendant, and, as we have seen, the reason therefor was stated in the amended complaint, and, in our judgment, sufficiently stated. Counsel contend that the complaint should also have stated the reason why Coleman refused to join; but this is more than the statute requires, and to do it, if necessary to do it, would be tendering an issue entirely aside from the real controversy. If the reasons for the refusal to join consist in matters of defence to the action, the defendants must plead them.

Another objection made to the complaint is that it refers to the copy of the bond sued on as " Exhibit A," while there is no exhibit so marked in the record. The object of such references and marks is simply to identify the paper, and if the identification is sufficiently certain by other means, the complaint will not be held bad on account of the false demonstration suggested. In this case the copy of the bond is found in the middle of the complaint, in such a manner as to indicate that the complaint was written upon two sheets and the bond on another, inserted between, and while the continuity of averment is broken, the bond is certainly filed with the complaint, and sufficiently identified. *Carper* v. *Kitt*, 71 Ind. 24.

The remaining inquiry is, whether the court erred in en-

tering a default against the appellants. It is claimed that there was error in this, because the appellants had filed answers which had not been disposed of.

It is doubtless improper to default a party who has an answer on file. *Norris* v. *Dodge's Adm'r,* 23 Ind. 190; *Kellenberger* v. *Perrin,* 46 Ind. 282, and cases cited.

It can not be said, however, upon this record, that the appellants, at the time the default was taken against them, had answers on the file, if indeed they had answered at all. Excepting the entry already quoted from the transcript, there is no evidence of the filing of answers by the appellants, and, in the absence of the alleged answers from the record, such an entry can not be deemed conclusive, and the usual presumption in favor of the action of the court must prevail. See *Fee* v. *The State, ex rel. Pleasant,* 74 Ind. 66.

Judgment affirmed, with costs.