No. 12,450.

## HIRSH ET AL. *v.* CLAWSON ET AL.

JUDGMENT.—*Default for Failing to Answer.—Error to Enter while Demurrer Pending.*—A default for failing to answer the complaint can not be entered while demurrers thereto are pending and undisposed of.

From the Warren Circuit Court.

*G. J. Eacock, G. O. Behm* and *A. O. Behm,* for appellants.
*C. V. McAdams,* for appellees.

ELLIOTT, J.—During the vacation of the Warren Circuit Court the appellees filed a complaint for injunction, and at the time fixed for the hearing the appellants appeared and filed separate demurrers to each of the three paragraphs of the complaint.

The demurrer to the first paragraph was overruled, and the demurrers " to the other paragraphs were," as the record recites, " continued to the regular term of the court." No ruling was made on these demurrers. At the October term, 1884, the cause was continued, and at the January term the cause was set down for trial on the 9th day of the term, and a rule to answer was taken. Subsequently, January 10th, 1885, a default was entered against the appellants for failure, as the record declares, " to comply with the rule entered on the first day of the term requiring them to answer the complaint." At the following April term the appellants appeared and filed a verified motion, supported by affidavits, to set aside the default. The affidavits filed in support of this motion state that the appellants have a meritorious defence to the action, and also state matters excusing their failure to appear and answer.

We do not deem it necessary to notice the sufficiency of the excuse shown, further than to say that we think it was error for the court to enter a default while demurrers to the complaint were undisposed of and pending. It will be observed that the default was not entered because the appellants failed to appear and go to trial, but because, as the record recites,

they failed to answer the complaint. They had appeared and had presented an issue of law which the court, by its order, had continued and left undetermined. Until this issue was determined, no default could be properly entered. The demurrers presented an issue which should have been disposed of before a rule to answer was granted. *Kellenberger* v. *Perrin*, 46 Ind. 282; *Wall* v. *Galvin*, 80 Ind. 447.

The appellees contend that the rule to which we have referred does not apply, and direct our attention to the cases of *Jeffersonville, etc., R. R. Co.* v. *Parkhurst*, 34 Ind. 501, and *Detroit, etc., R. R. Co.* v. *Barton*, 61 Ind. 293.

Those cases are not, however, in point, for there the demurrers were filed before the justice of the peace, and not re-filed on appeal; while here the demurrers were filed in the court where the case was pending, and action on them was postponed by the direct order of the court, so that there was an express recognition of their filing and pendency.

Judgment reversed.

Filed May 15, 1886.