Coleman *et al. v.* Floyd.

No. 15,764.

COLEMAN ET AL. *v.* FLOYD.

VENUE.—*Change of.—Setting Aside Judgment.*—Where a suit was begun in the Howard Circuit Court, and on application of the appellants was sent to the Clinton Circuit Court, and from that court, on appellee's application, was sent to the Grant Circuit Court, and after remaining there for nearly three months, the latter court, on its own motion, ordered the case back to the Clinton Circuit Court, a judgment rendered in the Clinton Circuit Court against the appellants should be set aside, the affidavit in support of the motion to set the judgment aside showing that the appellants had no knowledge until long after the judgment had been rendered that the cause had been transferred to the Clinton Circuit Court, and that they had a meritorious defence.

SAME.—*Transfer to Another County.—Validity of Transfer.—When Party Can Not Contest.*—Where a party obtains a change of venue from the county, and is instrumental in carrying the case to another county, he can not successfully assert that the case was not properly in the circuit court of the latter county, unless he can make it appear that there was no jurisdiction over the subject resident in that tribunal.

Coleman *et al. v.* Floyd.

SAME.—*General Jurisdiction.—How Cause Can be Transferred.*—Where a court has general jurisdiction of the subject and the person, a cause can only pass from that court by a judgment. It can not be arbitrarily transferred to another tribunal. For a discussion of the distinction between jurisdiction of a person and jurisdiction of a particular case, see opinion.

SAME.—*Failure to Send Cause to Adjoining Circuit.—Jurisdiction.*—From the mere fact that on change of venue the case is not sent to an adjoining circuit as required by section 413, R. S. 1881, it does not follow that the circuit court to which it is sent has no jurisdiction. It can not arbitrarily send the case back after having assumed jurisdiction.

PRACTICE.—*Trial.—Failure of Party to Appear.*—Where a party fails to appear when a case is called for trial, a jury need not be impanelled to try the cause. The trial may be had before the court.

SAME.—*Suits to Enforce Liens.—How Triable.*—Suits to enforce liens are triable by the court.

SAME.—*Suit to Enforce Lien.—Money Judgment.—Complaint.—Demurrer.*—In a suit to enforce a lien, if the complaint is sufficient to entitle the plaintiff to a money judgment, it will prevail against a demurrer.

VENDOR AND VENDEE.—*Payment on Contract of Purchase.—Vendee's Lien.*—Where a vendee pays money to the vendor upon a contract for the conveyance of the land, and the latter can not or will not convey, the former may enforce a vendee's lien for the money paid upon the contract of purchase.

From the Clinton Circuit Court.

*J. O'Brien* and *C. C. Shirley*, for appellants.

*J. V. Kent*, for appellee.

ELLIOTT, C. J.—This suit was begun in the Howard Circuit Court. The appellants asked a change of venue, and the case was sent to the Clinton Circuit Court, and from that court it was sent by change of venue to the Grant Circuit Court, where it remained, duly docketed, from the 27th day of November, 1886, until the 22d day of February, 1887. On the day last named the Grant Circuit Court, on its own motion, ordered the case back to the Clinton Circuit Court. The case reached that court on the 29th day of March, 1887, and, on the 14th day of June, 1889, the appellants were called and the cause submitted to the Clinton Circuit Court for trial as upon the failure to appear for trial. A judg-

ment was entered against them. On the 5th day of October, 1889, the appellants moved to set aside the judgment. In the affidavit filed in support of the motion it was alleged that the venue was changed to the Clinton Circuit Court, then to the Grant Circuit Court, that the case was once continued by that court and then ordered back to the Clinton Circuit Court; that the appellants had no notice of the action of the Grant Circuit Court, and were ignorant of the fact that the case was on the docket of the Clinton Circuit Court; that they had no knowledge of the action of the latter court until the 25th day of September, 1889; that they have a valid and meritorious defence to the appellee's complaint, as set forth in their answers filed in the Howard Circuit Court; that they did not appear to the suit in the Clinton Circuit Court after its return to that court, and that they were residents of Howard county. The appellants' motion was overruled, and an exception properly reserved.

The change from the Clinton Circuit Court was granted upon the application of the appellee, and there was no objection to the order directing that the case should go to the Grant Circuit Court. Presumptively, therefore, the case went to the latter court through the instrumentality of the appellee. She applied for the change, and it was her duty to perfect it; hence we must assume that this duty was performed. As the appellee obtained the change and was instrumental in carrying the case to the Grant Circuit Court, she is not in a situation to successfully assert that the case was not properly in that court, unless she can make it appear that there was no jurisdiction over the subject resident in that tribunal.

It seems quite clear that if the parties had appeared and tried the case in the Grant Circuit Court, neither could have successfully urged that the proceedings were *coram non judice.* There was general jurisdiction of the subject and of the persons, and where such jurisdiction exists the proceedings are not void. There is an essential and clear distinc-

Coleman *et al. v.* Floyd.

tion between jurisdiction of a subject and jurisdiction of a particular case. This difference is illustrated in the cases which hold that the failure to object to the exercise of jurisdiction by a court of equity waives the jurisdictional question, although if objection is duly made the case would necessarily go to a court of law. *Grandin* v. *Le Roy,* 2 Paige Ch. 508; *Le Roy* v. *Platt,* 4 Paige Ch. 76; *Truscott* v. *King,* 6 N. Y. 147; *Buffalo, etc., Co.* v. *Delaware, etc., Co.,* 130 N. Y. 152.

It is illustrated, also, in the cases which hold that, although an action may be brought in the wrong State or county, there may be jurisdiction where there is no seasonable objection. *Indianapolis, etc., R. R. Co.* v. *Solomon,* 23 Ind. 534.

The difference between jurisdiction of the subject and jurisdiction of the particular instance is stated and discussed in *Jackson* v. *Smith,* 120 Ind. 520 (522), *State, ex rel.,* v. *Wolever,* 127 Ind. 306 (315), *McCoy* v. *Able, post,* p. 417 and *Yates* v. *Lansing,* 5 Johns. 282. The decision in *Perrill* v. *Nichols,* 89 Ind. 444, even if sound, is not in point, for the reason that in that case there was no general jurisdiction. Here there was general jurisdiction over the general class of cases to which this case belongs. There was, at all events, much more than a naked usurpation of jurisdiction by the Grant Circuit Court.

The Grant Circuit Court did assume jurisdiction over the case under color of right and by invitation of the appellee. The case was placed upon its docket, was there for some months, and was once formally continued. There was, therefore, an assumption of jurisdiction by one court of general jurisdiction of a cause sent to it by another tribunal of equal rank, and we do not think it can be held that the court which assumed jurisdiction was an usurper. If it was not, there was jurisdiction; if jurisdiction, the case could only pass from that court by a judgment, for there was no right to arbitrarily transfer it to another tribunal.

We have given full consideration to the contention of the appellee, based upon the provision of the statute which requires a case to be sent to " a county in the same or in an adjoining circuit." Section 413, R. S. 1881. If it were granted that the Clinton Circuit Court did wrong in sending the case to the Grant Circuit Court, it would by no means follow that its decision was void, for the utmost that can be said is that the decision was erroneous. There was undoubtedly power to decide, and power to decide necessarily includes the power to decide wrong as well as right. *Snelson* v. *State, ex rel.,* 16 Ind. 29 ; *Ely* v. *Board, etc.,* 112 Ind. 361 (368) ; *Young* v. *Sellers,* 106 Ind. 101. An error may be committed in construing or applying a statute, no matter how clear or imperative its terms, as well as in any other ruling. If the concession be made that there was a clear and flagrant misconstruction or misapplication of the statute, still the only conclusion warranted by such a concession is that there was an erroneous ruling or decision. That decision, it is to be remembered, was procured and acquiesced in by the appellee, since she was the actor, and secured the order which carried the case out of the Clinton Circuit Court.

The record shows that the appellee secured the change of venue, and, as we have seen, the presumption is that the case was sent to Grant county by her procurement. If it was, she is in no situation to assail a ruling invited by her own act ; at all events, she is not in a situation to be permitted to take an unconscionable advantage of her adversaries, and this she would be allowed to do if awarded a judgment in a case where there is a meritorious and valid defence, as we must assume there is in this instance.

We think it clear that the appellants' motion to set aside the judgment should have been sustained. They had a right to act upon the assumption that the case was still in the court to which it was sent upon the appellee's application. If the appellee had there taken judgment in due course, it

would unquestionably have been rendered in the exercise of that court's general jurisdiction.

The appellants are in error in assuming that where parties fail to appear where a cause is called for trial, a jury must be impanelled to try the cause. The decision in *Terrell* v. *State, ex rel.*, 68 Ind. 155, is in direct opposition to the statute, and was expressly overruled in *Love* v. *Hall*, 76 Ind. 326. The appellants are also in error in asserting that the cause is triable by a jury in any event. It is a suit to enforce a lien, and such suits are, as has been again and again decided, triable by the court.

The complaint is undoubtedly sufficient to entitle the appellee to a money judgment, and if good only to that extent, it will prevail against a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5. But we adjudge that the facts pleaded entitle the appellee to a lien upon the land described in the complaint, inasmuch as the facts pleaded show payment of part of the purchase for land upon a contract which the vendor can not or will not perform. Where a vendee pays money to the vendor upon a contract for the conveyance of the land, and the latter can not or will not convey, the former may enforce a vendee's lien for the money paid upon the contract of purchase.

Judgment reversed.

Filed April 28, 1892.