Hadley *v.* Hobbs.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

Filed April 12, 1895.

———————◆———————

.

No. 1,228.

HADLEY *v.* HOBBS.

DEMURRER.—*Defect of Parties.*—If the complaint disclose a defect of parties plaintiff, it is insufficient on demurrer for such reason.

From the Tipton Circuit Court.

*J. M. Fippen* and *J. M. Purvis,* for appellant.
*J. A. Swoveland* and *J. F. Pyke,* for appellee.

REINHARD, J.—The appellant sued the appellee to recover damages for an alleged breach of a contract. The court sustained a demurrer to the amended complaint, and this ruling is the only error assigned.

It is averred in the complaint that the appellee sold to the appellant sixty acres of land in Tipton county for a certain money consideration, and as a further consideration of said trade appellee was to complete a certain ditch or drain on said land within a year from the date of said purchase, which he had failed to do. It is also averred that the land was wet and swampy and unfit for cultivation or pasture without said drainage; that said land was in its natural state, not in cultivation, and was necessary to be cleared and drained before it became profitable for any purpose; that appellant proceeded in good faith to clear and fence said land at an expense of $800, and appellee failed and refused to perform his part of said contract in that he failed to complete said ditch within the year 1888, or at any time, by reason whereof

appellant lost all his labor in clearing and fencing the land and the crops or rent of the same, etc.

The complaint shows further that the conveyance of the land was made by the appellee and wife to the appellant and his wife, Nancy Hadley, jointly, thus disclosing that said Nancy Hadley was jointly interested with her husband, the appellant, in the ownership as well as in the payment of the unpaid purchase-money, and consequently also in the result of this litigation.

One of the grounds of demurrer was a defect of parties plaintiff. The appellant's wife, Nancy Hadley, was not a party to the action.

It is settled by the decisions that if a defect of parties appears on the face of the complaint, the objection by demurrer for such cause is well taken. *Thomas* v. *Wood,* 61 Ind. 132; *Talmage* v. *Bierhause,* 103 Ind. 270; *Barnett* v. *Leonard,* 66 Ind. 422.

It is a statutory provision that all persons having an interest in the subject of the action must be joined as plaintiffs. R. S. 1894, section 263 ( R. S. 1881, section 262).

If the consent of a party who should be a coplaintiff can not be obtained to join as plaintiff, such party may be made a defendant. R. S. 1894, section 270 (R. S. 1881, section 269).

The appellant's wife being jointly interested in the result of the litigation she should have been joined as a coplaintiff, or upon her refusal to become such, she should have been made a defendant. There being no excuse shown for the failure to comply with these provisions, the court correctly sustained the demurrer for a defect of parties plaintiff.

We need not determine whether the complaint is defective upon other grounds urged.

Judgment affirmed.

Filed Jan. 15, 1895; petition for a rehearing overruled Apr. 12, 1895.