CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.*
LANE ET AL.

[No. 3,336.   Filed Feb. 1, 1901.   Rehearing denied April 23, 1901.]

PARTIES.—*Action on Bond.*—*Joint Obligees.*—In an action on a bond
given in favor of joint obligees all of the obligees must be made
plaintiffs, or if any refuse to join as plaintiffs they should be
made defendants and the reason for so doing stated in the com-
plaint.

From the Hamilton Circuit Court.   *Reversed.*

*W. R. Crawford, U. C. Stover, W. H. Najdowski, I. W.
Christian* and *W. S. Christian,* for appellant.

*C. M. Zion,* for appellees.

HENLEY, C. J.—This was an action commenced by ap-
pellee Empson T. Lane upon an appeal bond executed to
appellee Lane and the other obligees therein named by ap-
pellant and the Chicago & Southeastern Railway Company
as principal, and Henry Moore, Henry Crawford, and D. M.
Henry as sureties.   The bond was given to stay and super-
sede an order and judgment against the said railway com-
pany, appellant herein.   Upon appeal this judgment was
affirmed by the Supreme Court.   Appellee Lane made all
the obligees in the bond, with the exception of three, de-
fendants to the action.   The three omitted, the complaint
avers, died before the commencement of this action and their
estates had been before said time fully settled.   During the
pendency of the action, David M. Henry, who signed the
bond as surety, died, and upon motion the administrator of
his estate was substituted as a party defendant.   Appel-
lants the Chicago & Southeastern Railway Company and
Henry Moore separately demurred to the complaint.   One
of the causes assigned in the demurrer was that there was a
defect of parties plaintiff.   The demurrer was overruled,
and this ruling of the court is assigned as. error.   The bond
upon which the action is based was as follows:  "The above

named Chicago & Southeastern Railway Company as principal and Henry Crawford, Henry Moore, and D. M. Henry as sureties acknowledge ourselves to be indebted unto Samuel C. Carson, Stephen Emment, Benjamin F. Coombs, Mary E. Wilson, Oliver M. Morrison, John W. Bowser, Morris Ritchie, John Shultmire; Joseph Hohe, James E. Pinnell, Howard Henderson, Charles T. Bryan, Morris Lapinsky, Simon Lapinsky, James Rodgers, Warren Brooks, James M. Atkins, W. Proctor, Samuel Heath, Preston Smith as treasurer of Boone county, Harry Liggins, James W. Everson, E. Rabb, James Heath, W. Cartwright, A. Cline, and Empson T. Lane in the penal sum of $1,500 lawful money of the United States, to the payment of which well and truly to be made we hereby jointly and severally bind ourselves, our heirs, executors, and administrators. The condition of the foregoing obligation is that whereas heretofore on March 21, 1896, the Hamilton Circuit Court, in a certain action therein pending by Samuel L. Carson and others against the Chicago & Southeastern Railway Company, taxed all the costs of the action, and the receivership therein originally decreed, against the said appellant and also rendered a judgment upon the application and in favor of one Empson T. Lane requiring the said appellant to pay into court the sum of $766.66 within twenty days, to be distributed by said Lane to divers persons, from which judgment and order the said Chicago & Southeastern Railway Company has taken an appeal to the Appellate Court of the State of Indiana. Now, therefore, if the said Chicago & Southeastern Railway Company shall duly prosecute its appeal and abide by and pay the judgment and costs which may be rendered or affirmed against it, then this obligation to be void, otherwise to remain in full force and effect. Signed and sealed this 1st day of March, 1897. Chicago & Southeastern Railway Company, By Henry Crawford, Pres. Henry Crawford, Henry Moore, D. M. Henry."

The question arising under the demurrer to the complaint

is this: Are the obligees named in the bond, other than appellee Empson T. Lane, necessary parties plaintiff in an action to enforce the bond?

Our statute (§270 Burns 1894) requires that all parties who are united in interest must be joined as plaintiffs. If they refuse to join as plaintiffs they may be made defendants. The reason for making them defendants must be stated in the complaint. The statement in the complaint under consideration in regard to the coöbligees' names in the bond with the appellees Lane is as follows: "That the obligees of said bond other than the plaintiff herein and those herein above named as codefendants with the makers of said bond, except Oliver M. Morrison, Joseph Hohe, and James Heath, who since the rendition of said judgment have died, and without administrations upon their estates, or whose estates have been settled, are made parties defendant herein to answer as to any interest they may have in said bond."

The bond sued on in this case did in both form and effect create a joint right. The interest or right of the obligees named therein was joint. The bond does not provide for specific amounts due each of the obligees, but is for a lump sum in which they all had an interest. The sum recoverable under the bond would be an amount in which they would all be interested. As to what each one would be entitled to is a question not in this case.

In Parsons on Contracts (6th ed.), p. 12, it is said: "Whenever an obligation is undertaken to two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for the purpose; but on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." And the same author, at page 19, says: "Where the payment is in the first place of one sum in *solido,* and this is afterward to be divided among the payees, there, generally, the interest of the payees is joint." See, also, *Wall* v. *Galvin,* 80 Ind.

447; *Hadley* v. *Hobbs,* 12 Ind. App. 351; *Durham* v. *Hall,* 67 Ind. 123.

The interest of the obligees in the bond being joint, they should have been made plaintiffs, and if the consent of any one or all of them could not be obtained, those refusing to join as plaintiffs should have been made defendants, and the reason for so doing stated in the complaint. This of course does not mean that the complaint shall state why a party refuses to join as plaintiff. It simply means that the complaint shall state the bare fact that the party refuses to join as plaintiff. This is "the reason thereof" referred to in the statute. §270 Burns 1894; *Wall* v. *Galvin, supra.*

In *Shoemaker* v. *Board, etc.,* 36 Ind. 175, 181, the court said: "If the interest is joint, then all persons interested must unite as plaintiffs; but if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

It was material that the complaint show why necessary parties plaintiff were made defendants. For error in over-ruling the demurrer of the appellant, the Chicago & South-eastern Railway Company, the judgment of the lower court must be reversed.

Judgment reversed.