S<span></span>TATE, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF HAMILTON, *v.* WILLIAMS ET AL.

[No. 5,732. Filed May 29, 1906. Rehearing denied November 27, 1906. Transfer denied January 18, 1907.]

1. COUNTIES. — *Officers.* — *Illegal Fees.—Recovery.—Clerks.*—A county cannot recover from the clerk of the circuit court illegal fees taxed and collected by him from third parties and not turned over to the county treasury. p. 379.

2. PARTIES.—*Injury.—Necessity of.—Counties.—Clerks.—Illegal Fees.*—A county has no interest in illegal fees charged and collected from third parties by the clerk of the circuit court, since such fees would not legally belong to the county. p. 380.

3. FEES AND SALARIES. — *Illegal.* — *Recovery.* — *Clerks.*—Illegal fees collected by the clerk of the circuit court may be recovered by the parties paying same. p. 381.

4. OFFICERS.—*Clerks.—Sureties.*—Sureties on official bonds cannot be held liable to the county for illegal fees collected by the clerk of the circuit court, and also to the parties making such payments, and the fact that the individual claimants are barred by limitations gives the county no right to such fees. p. 381.

5. TRIAL.—*Special Findings.—Conclusions.—"Illegal and Excessive" Fees.*—A special finding that $2,965.29 "was illegal and excessive fees, collected and taxed in violation of law, and in excess of fees taxable and chargeable by law " is a finding of fact and not a mere conclusion. p. 382.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Hamilton, against Cincinnatus B. Williams and others. From a judgment for plaintiff against Williams for part of its claim, and in favor of the other defendants, plaintiff appeals. *Affirmed.*

*Binford & Walker* and *Shirts & Fertig,* for appellant.
*Hawkins, Smith & Hawkins,* for appellees.

WILEY, J.—This is an action commenced and prosecuted by appellant against appellee Cincinnatus B. Williams, as clerk of the Hamilton Circuit Court, and the sureties on his official bonds, to recover fees alleged to have been collected by him and not paid over to the county. Williams executed two bonds. All of the appellees except the American Surety Company were sureties on the first bond, and said company was the sole surety on the second. Appellees Williams and the surety company answered by denial and plea of payment. The other appellees pleaded the general denial, payment, set-off, and statute of limitations. The case was put at issue by a reply, and submitted to the court for trial. Upon request the court made a special finding of facts and stated its conclusions of law thereon. The facts specially found may be epitomized as follows: Williams was elected clerk in 1894. He duly qualified, gave bond with sureties, which bond was approved and accepted, and he entered upon the duties of his office November 1, 1895. By proper proceedings the first bond was discharged, and Williams was ordered to file a new bond, which he did on May 15, 1897, with appellee surety company as sole surety, which latter bond was approved and accepted. The amount

collected by Williams as clerk, over and above the amounts of the payments made by him to the county and sued for in the complaint, as clerk's fees, sheriff's fees and allowances, was $1,800, which amount was collected and received by him prior to December 1, 1896, being more than five years before the commencement of this action. The amount collected during the quarter ending February 28, 1897, for fees and allowances as clerk, exclusive of per diem, aggregated $985.26, and the amount reported and paid to the county was $797.87, leaving a balance of $187.39 retained by him.

The facts exhibited by the seventh finding we take from appellant's brief, as follows: "In number seven it is found that said clerk collected from all sources as clerk's fees and allowances, not including clerk's per diem or sheriff's fees, as charged in the complaint, between March 1, 1897, and October 31, 1899, $11,132.62, making the aggregate clerk's fees and allowances collected after December 1, 1896, $12,117.88. The remainder of this finding is as follows: 'That of said fees so shown to have been collected between December 1, 1896, and October 31, 1899, * * * $2,965.29 were illegal and excess fees collected and taxed by said Cincinnatus B. Williams in violation of law and in excess of the amount of fees taxable and chargeable by law, and permitted to be taxed by the clerk as fees by law, leaving the amount of legal fees collected by said defendant Cincinnatus B. Williams for and on account of the items charged in the complaint, * * * $9,152.58.' "

The eighth finding is in substance that Williams, between March 1, 1897, and October 31, 1899, collected sheriff's fees in the sum of $325, taxed on fee books, for official services performed by the sheriff of said county in actions pending in the circuit court. The conclusion of this finding is as follows: "That said Williams did not at any time report said money so collected to the auditor of said county, or pay the same to the treasurer of said county,

designating the same as sheriffs' fees or costs, nor did he pay the same to said sheriffs, or either of them."

The ninth finding is as follows: "That on and after March 1, 1897, to and including October 31, 1899, said defendant Cincinnatus B. Williams at divers times paid to the treasurer of Hamilton county, Indiana, on account of fees and allowances received by him for said county, the aggregate sum of $8,863.24, as clerk's fees and allowances, and received receipts therefor at the several times for payment, for which sum he is entitled to credit."

Upon these facts the court stated its conclusions of law as follows: (1) That appellees were not liable to appellant for fees collected prior to December 1, 1896. (2) That Williams and the sureties on the first bond were liable for the sum of $187.39, balance due for the quarter ending February 28, 1897. (3) "That the defendants Cincinnatus B. Williams and the American Surety Company are not liable to the plaintiff herein in this action for the sum of $2,965.29 of excess and illegal fees wrongfully and illegally taxed, charged and collected by said defendant Williams." (4) That appellant was not entitled to recover against Williams, "except as above set out," and that the law was with appellee American Surety Company, and that it was entitled to recover from appellant its costs. Judgment entered accordingly.

Appellant has expressly waived every question raised by the first and second conclusions of law. Those presented by the third and fourth conclusions may be considered together. The question for decision is this:

1. Is the county entitled to recover from appellee Williams and his sureties upon his official bond the amount of the illegal and excess fees charged and collected by him as clerk? Counsel for appellant affirm that it is, and build their argument upon two propositions, viz.: (a) That the clerk, under the present fee and salary system, is constituted the agent of the county to tax and collect fees for

official services, and to pay the same over to the county in consideration of the salary paid by the county; (b) that, as such agent, he is estopped to deny the right of his principal to call him to account for whatever he receives by virtue of his agency. From the view we have taken of the law, which must determine the rights of the respective parties, we need not decide whether Williams was the agent of the county, while occupying the office of the clerk of the circuit court, or whether he is estopped from denying the right of the county to account for whatever he received by virtue of his office. We base our decision upon the broader and higher moral ground that the county has no right to profit by the wrongful acts and peculations of one of its officers. If the county has received all the fees legally taxed and collected by Williams, it has received all that is due it. No pretense is made that it has not.

This is an action upon an official bond, against a public officer for a breach of an official duty. Section 253 Burns 1901, §253 R. S. 1881, provides that actions on official bonds shall be brought upon the relation of the party interested. By §7543 Burns 1901, §5528 R. S. 1881, an official bond is made obligatory upon the principal and sureties for the faithful discharge of all duties required of the officer by law, for the use of any person injured by any breach of the conditions thereof. To authorize a recovery, therefore, the relator must show an injury growing out of the act of the officer. *State, ex rel., v. Hughes* (1898), 19 Ind. App. 266. Under our present fee and salary law, all legal fees taxable and collectible by a public officer are specifically defined. By §6519 Burns 1901 (Acts 1895, p. 319, §114), clerks of circuit courts are required to tax certain fees "on behalf of the county, * * * which amounts so taxed shall be designated as 'clerk's costs,' but they shall in no sense belong to and be the property of the clerk, but shall belong to and be the property of the county." The legislature has spe-

cifically designated every class and species of fees which a clerk is authorized to tax and collect, and by virtue of the statute such fees belong to the county. It is certain that there is no legislative provision that in the event he shall tax and collect illegal fees they shall become the property of the county.

On the contrary, the legislature has provided for the punishment of a public officer for taxing and collecting illegal fees, and has made ample provision for the recovery of the same by the injured party. Section 6534 Burns 1901, Acts 1895, p. 319, §128, makes such an act "a misdemeanor," and provides a penalty. Section 6549 Burns 1901 (Acts 1883, p. 48, §8), gives a right of action, together with a penalty, against the officer violating the provisions of the act in favor of any person from whom he received the money. Section 8107 Burns 1901, §6031 R. S. 1881, makes such officer liable on his official bond, to the party injured, "for five times the illegal fees charged, demanded or taken," etc.

As between the county and the clerk, the former's demands are satisfied when the latter has taxed and collected all legal fees, and accounted therefor. Any act of the clerk beyond that is illegal, and it is made by statute a misdemeanor, and he must answer to the State for the criminal act, and respond to the injured party for his extortion.

If it could be held that appellee and his sureties were liable to the county for such illegal fees, then they would be burdened with a double liability, for the statute expressly makes them liable to the injured parties. This would be unjust and unreasonable. Counsel for appellant seek to parry the force of this proposition by saying that actions by the parties who paid these excessive and illegal fees are barred by the statute of limitations. Because such parties slept on their rights is no excuse for appellant, for in no event is it entitled to them. The statutes to which we have referred make the clerk liable to the

county for all legal fees he collects, and to the parties for all illegal fees taxed and collected. This, it seems to us, is conclusive.

It is finally urged by counsel for appellant that finding seven, wherein the court found that the sum of $2,965.29 "was illegal and excessive fees collected and taxed in violation of law, and in excess of fees taxable and chargeable by law," is a mere conclusion of law and not a finding of fact. We cannot so regard the finding. It is stated as a fact that fees aggregating the amount named were illegal and in excess of fees legally chargeable. This is sufficient.

Finding no error in the record; the judgment is affirmed.