## AETNA INSURANCE COMPANY v. REYMAN.

[No. 23,878.  Filed November 3, 1921.  Rehearing denied February 17, 1922.]

1. INSURANCE.—*Fire Insurance.—Action on Policy.—Complaint. —Sufficiency.—Location of Insured Property.—Statutes.*—Under §§343a, 376 Burns 1914, Acts 1913 p. 850, §370 R. S. 1881, a complaint, in an action on a policy of fire insurance, alleging that while the policy was in full force and effect the buildings, machinery, etc., and permanent fixtures were wholly lost and destroyed by fire, and that plaintiff has duly performed all the conditions on his part, was sufficient as against demurrer on the ground that it failed to show that the insured property had not been removed from the premises where the policy required it to be kept.  p. 576.

2. INSURANCE.—*Fire Insurance.—Action on Policy.—Necessary Parties.—Mortgagee.—Statutes.*—Under §§251, 263, 270 Burns 1914, §§251, 262, 269 R. S. 1881, as to parties to action, where a complaint in an action on a fire policy showed that a person named had an interest in the insured property as mortgagee in excess of the amount due on the policy, and that the policy was made payable to plaintiff and the mortgagee jointly, the mortgagee was a necessary party to the action, and plaintiff was not entitled to recover without joining her either as a plaintiff or a defendant.  p. 577.

3. APPEAL.—*Review.—Failure to Join Necessary Parties.—Cure of Error by Evidence.*—In an action on a policy of fire insurance, the failure of insured to join the mortgagee, who was jointly entitled with plaintiff to payment, was not rendered harmless by testimony of a witness that a few days before the trial he received from the plaintiff a check for the full amount of the mortgage and mailed it to mortgagee, but that he did not know whether the check was paid or whether the mortgage had been released of record, though the mortgagee had signed a release on the back of the mortgage; the evidence not being within the issues, and the mortgagee, not being a party, was not bound by the judgment or estopped to deny the truth of such testimony.  p. 578.

4. CONSTITUTIONAL LAW.— *Statutes.— Constitutionality.—When Reviewable.*—Where plaintiff, in an action on a fire policy, has not shown himself entitled to recover attorney fees, a determination of the constitutionality of the statute (§4622g Burns 1914, Acts 1911 p. 525), allowing the recovery of an attorney's fee under certain conditions in actions on fire policies, is not

necessary to the decision on appeal, and such question will not therefore be reviewed. p. 579.

From Orange Circuit Court; *Bayless Harvey*, Special Judge.

Action by John W. Reyman against the Aetna Insurance Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1397 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Burke G. Slaymaker*, for appellant.
*Wilber W. Hottel* and *Arthur McCart*, for appellee.

EWBANK, J.—Appellee brought suit on a fire insurance policy for $1,000, covering certain buildings, engines, boilers, etc., originally issued to the estate of H. A. McCowen, which then owned the insured property, and afterward assigned to the appellee with the consent of the appellant company. The complaint alleged that a "loss payable clause" therein was inserted upon the sale and conveyance of the property to appellee and the execution by him of a mortgage to the executrix of the estate of said decedent, securing his notes for $4,250. The "loss payable clause," recited as follows: "Any loss under this policy that may be proved due the assured shall be payable to the assured and Lucy D. McCowen, Executrix of the will of H. A. McCowen, subject," etc.

Appellee's complaint set out a copy of the policy and alleged the facts above stated, and further alleged that while the policy was in full force the insured property was burned, that it was of the value of $17,893.62, that appellee gave notice of loss and furnished proof of loss, and at appellant's request furnished an amendment of such proof of loss, and that a reasonable fee for appellee's attorney would be the sum of $300.

Appellant filed a demurrer to the complaint for the

alleged reasons that: (1) There was a defect of parties plaintiff in that Lucy D. McCowen, as executrix of the last will of H. A. McCowen, was a necessary party; and (2) a defect of parties defendant in that she, as such executrix, was a necessary party defendant; and (3) that the complaint does not state facts sufficient to constitute a cause of action. A memorandum filed with the demurrer fully presented the questions of law arising thereon which are hereinafter discussed.

Issue being joined and evidence heard the jury returned a verdict for appellee for $1,200, reciting that this sum included $200 as attorney fees, and answered interrogatories to the effect that the notes mentioned in the complaint in the amount of $4,250, secured by a mortgage on the insured property, were owned by said executrix at the time this action was commenced, and were unpaid at that time. These answers to interrogatories are supported by uncontradicted evidence to that effect.

Appellant filed its motion for a new trial, specifying ninety-three alleged reasons, and reserved an exception to the order overruling it. Some of these specifications challenged the constitutionality of the statute (§4622g Burns 1914, Acts 1911 p. 525) which purports to authorize a recovery of attorney fees if the insured shall take certain required steps to obtain an appraisal of his loss as therein provided, and an appraisement is not made within the time specified. The court rendered judgment on the verdict for "$1,000 on the insurance policy and $200 as attorney fees, making a total judgment of $1,200," from which the appellant perfected a term appeal.

The sufficiency of the facts stated in the complaint to constitute a cause of action is challenged for the
1. alleged reason that the policy covered the insured property "while located and contained as de-

scribed herein and not elsewhere," and that certain engines and boilers are described in the policy as being in a particular building, and there is no direct averment that the property destroyed was located as therein described at the time of its destruction. But the complaint does allege that "while said policy was in full force and effect the said buildings, machinery, boilers, engines and permanent fixtures were wholly lost and destroyed by fire * * * plaintiff has duly performed all the conditions on his part to be performed." This was sufficient, as against a general demurrer, to show that the insured property had not been removed from where the policy required it to be kept. §§343a, 376 Burns 1914, Acts 1913 p. 850, §370 R. S. 1881.

The objection that the facts alleged in the complaint show Lucy D. McCowen, as executrix of the will of H. A. McCowen, to be a necessary party is well 2. taken. The facts alleged show her to have an interest in the insured property, as mortgagee, in excess of the amount due on the policy, and that the policy was made payable to appellee and her, jointly, in the most general terms. One of such joint payees was not entitled to recover on the contract without joining the other, either as a plaintiff or a defendant. §§251, 262, 269 R. S. 1881, §§251, 263, 270 Burns 1914; *Hadley* v. *Hobbs* (1895), 12 Ind. App. 351, 39 N. E. 523; *Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7, 13 N. E. 118; *Franklin Ins. Co.* v. *Wolff* (1899), 23 Ind. App. 549, 54 N. E. 772; *Ohio Thresher, etc., Co.* v. *Hensel* (1894), 9 Ind. App. 328, 346, 36 N. E. 716; *Chicago, etc., R. Co.* v. *Lane* (1901), 26 Ind. App. 535, 537, 59 N. E. 341; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 510, 114 N. E. 763, 116 N. E. 752; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 367, 368, 108 N. E. 525, Ann. Cas. 1918A 828n.

"Under our code of practice, the action must be brought in the name of the real party in interest, except that an executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is brought.  The interest necessary to the maintenance of an action may be separate, or joint, or in common.  If the interest is separate, then the action must be brought separately by each person interested, for those having a separate interest cannot join in an action.  If the interest is joint, then all persons interested must unite as plaintiffs; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint." *Shoemaker* v. *Board* (1871), 36 Ind. 175, 181; *Tate* v. *Ohio, etc., R. Co.* (1858), 10 Ind. 174, 71 Am. Dec. 309.  If the policy sued on was for $1,000 payable to appellee and the executrix, jointly, and if the executrix held a mortgage on the insured property securing notes of appellee payable to her for more than the face of the policy, as the complaint alleged, the executrix had such an interest that it was necessary to join her as a plaintiff, or, if her consent to be so joined could not be obtained, to make her a defendant and state the reason thereof in the complaint.  Since she was not made a party plaintiff and no reason was alleged for not joining her as a plaintiff, and she was not made a defendant, it was error for the court to overrule the demurrer.

Appellee insists that this error was harmless because a witness who had been employed by H. A. McCowen, in his lifetime, testified (over an objection and exception by appellant) that a few days before the trial (which was eight months after the demurrer to the complaint was overruled) he received from appellee a check for the amount of the debt and

mailed it to the executrix, but did not know whether the check was paid, nor whether anything was done toward releasing the mortgage except that the executrix had signed a release on the back of the mortgage and had left it with him some time before he received the check, to be delivered when the debt was paid; and that the witness did not know whether or not the mortgage had been released on the record.

But this evidence was not within the issues joined. The executrix, not being a party to this action, is not bound by the judgment, and is not estopped to deny the truth of what was so testified. And even if all that the witness testified was true, it would not affect the right of the testatrix (if any she had) to enforce the policy as against the appellant, if for any reason the check was unpaid, and she had not authorized the acceptance of a check as full satisfaction of the debt.

Such evidence is not sufficient to show that the error in overruling the demurrer was harmless.

The question whether or not appellee is entitled to recover attorney fees under §4622g Burns 1914, *supra,* in case he is entitled to recover on the policy, will probably arise if the case is again tried. Appellant insists that this statute is unconstitutional.

It is enough to say that nothing alleged in the complaint tends to show that the appellee proceeded under this statute to the point where it provides that

4.  the insured may bring suit and recover attorney fees in addition to his loss under the policy, and no evidence has been pointed out tending to prove that he did so. He has not shown himself entitled to recover an attorney fee, even if the statute be valid. A decision as to the constitutionality of the statute not being necessary to the decision of the instant appeal we must decline to pass on its constitutionality. *State, ex rel.* v. *Etcheson* (1912), 178 Ind. 592, 99 N. E. 996; *Hunt* v.

*State* (1917), 186 Ind. 644, 117 N. E. 856; *Poer* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint.

Myers, J., absent.