NATIONAL FIRE INSURANCE COMPANY *v.* GELLMAN.

[No. 11,770. Filed May 23, 1924. Rehearing denied October 16, 1924. Transfer denied June 2, 1925.]

1. PARTIES.—*Holder of conditional sale contract for the sale of automobile necessary plaintiff in action on insurance contract issued to it and purchaser, when insurance payable in gross sum to both.*—In an action on a fire insurance contract issued on an automobile which had been sold on a conditional sale contract, the insurance running to the purchaser and the holder of the contract, the latter is a necessary party plaintiff when the insurance contract provides for the payment of a gross sum to both, and the amount to which each is entitled is not fixed. p. 226.

2. INSURANCE.—*Necessary parties in action on insurance policy issued on automobile sold on conditional sale contract with insurance payable to both purchaser and holder of contract in lump sum.*—In an action on a fire insurance policy issued on an automobile which had been sold on a conditional sale contract, the insurance running to the purchaser and the holder of the contract, the latter was a necessary party plaintiff when the insurance contract provided for the payment of a gross sum to both, the amount to which each was entitled not being fixed. p. 226.

3. EVIDENCE.—*Status or condition shown to exist presumed to continue until contrary appears.*—A status once established or a condition once shown to exist is presumed to continue until the contrary appears. p. 226.

4. PARTIES.—*Error in ruling on demurrer for defect of parties plaintiff rendered harmless by answer and evidence thereunder.*—Error in overruling a demurrer for defect of parties plaintiff is rendered harmless by the filing of an answer tendering an issue as to the interest in the cause of action of the party that should have been joined and obtaining a finding and judgment on such issue (*Aetna Ins. Co.* v. *Reyman,* 191 Ind. 574, distinguished). p. 228.

5. APPEAL.—*Error in overruling demurrer for defect of parties plaintiff rendered harmless by defendant filing answer and obtaining judgment thereon.*—In an action on insurance policy, error in overruling a demurrer for defect of parties plaintiff was rendered harmless by defendant filing an answer tendering an issue as to the ownership of a part interest in the insured property by the holder of a conditional sale contract and obtaining a finding and judgment thereon (*Aetna Ins. Co.* v. *Reyman,* 191 Ind. 574, distinguished). p. 228.

6. JUDGMENT.—*Conclusive only as to parties before the court.*— A judgment is conclusive only upon the parties before the court, and a judgment in an action on an insurance policy by the purchaser in a conditional sale of an automobile, while binding upon the parties, is not conclusive as to the interest in the insurance of the holder of the conditional sale contract who is not a party thereto.    p. 228.

7. APPEAL.—*Finding, of primary facts necessitating, an inference of ultimate facts, latter treated .as found.*—On appeal, where primary facts are found necessitating an inference of the ultimate facts, the latter will be treated as found.    p. 231.

8. INSURANCE.—*Finding that insurer's agent had authority to notify insured that formal proof of loss would not be necessary was conclusion of fact warranting, ultimate conclusion of waiver of such proof.*—In the trial of an action on an insurance policy, a finding that insurer's agent, "with full power and authority from" the defendant insurance company, notified plaintiff that it was not necessary to make formal proof of loss as the policy required, was *held* to be a conclusion of fact that the agent had such authority and this warranted the ultimate conclusion of law that the defendant had waived such proof.    p. 231.

9. TRIAL.—*Special finding is supported by all intendments and presumptions, and its meaning is determined by the finding as a whole.*—All intendments and presumptions are in favor of a special finding and, in ascertaining its meaning and effect, it must be read as a whole.    p. 233.

10. TRIAL.—*Finding must be considered as a whole in determining whether it sustains conclusions of law.*—A special finding is to be considered as a whole in determining whether it supports conclusions of law, and if, when so considered, it does sustain the conclusions of law stated thereon, no error can be successfully predicated on such conclusions.    p. 233.

11. INSURANCE.—*Finding, held to show plaintiff's ownership of automobile at time insurance was written and loss occurred.*— In an action on an insurance policy, a special finding that defendant issued a certificate or policy insuring *plaintiff's car* against loss by fire, which policy was in full force at the time *plaintiff's car* was destroyed, and on that date, *car owned by plaintiff and insured by defendant* was destroyed by fire, and that there was due plaintiff from defendant on account of the loss of *his* automobile a named sum, was *held* to amount to a finding that plaintiff was the owner of an interest in said car at the time the insurance was written and the loss occurred.    p. 233.

National Fire Ins. Co. *v.* Gellman—83 Ind. App. 219.

12. INSURANCE.—*Failure to find that loss occurred within United States, as prescribed by policy, does not require reversal of judgment when fact established by uncontradicted evidence.*—The failure of a trial court to find that insured automobile was destroyed while within the United States, as prescribed by the policy, will not require the reversal of the judgment for the plaintiff where the undisputed evidence showed that it was destroyed by fire within the State of Indiana. p. 234.

13. APPEAL.—*Judgment not reversed for failure to find fact in issue which was not disputed and was proved by uncontradicted evidence.*—A judgment will not be reversed for the failure of the trial court to find a fact in issue which was not disputed and which was established by uncontradicted evidence. p. 234.

14. INSURANCE.—*Slight evidence sufficient to establish waiver of proof of loss.*—In an action on an insurance policy slight evidence is sufficient to sustain a finding of waiver of proof of loss. p. 235.

15. INSURANCE.—*Finding that insurer waived proof of loss held sustained by evidence.*—Testimony that insurer's local agent had adjusted prior losses of the same character *held* susceptible of inference that such agent had authority to waive proof of loss in the instant case, and where trial court drew that inference, it will be accepted on appeal. p. 235.

16. APPEAL.—*Trial court's inference from facts disclosed by the evidence must be accepted on appeal.*—Where the facts which the evidence tends to prove would warrant an inference for or against a certain fact, the appellate tribunal must accept the inference drawn by the trial court although a contrary inference might appear to the former to be equally as reasonable and one that it would have been more inclined to draw. p. 235.

17. INSURANCE.—*Error, if any, in permitting witness to testify that he was insurer's agent to adjust losses, was harmless.*—Where it does not appear that the court so found, testimony of a witness that he was an agent of the insurer to adjust losses, while involving a conclusion of the witness, was harmless error, if any. p. 237.

18. INSURANCE.—*Evidence held competent on question of authority of agent to adjust losses for insurer.*—Testimony of employee of insurer's local agency that he paid a named sum to the holder of a conditional sale contract for its loss on the insured automobile was competent as a circumstance on the authority of the agency to adjust losses for insurer. p. 237.

19. INSURANCE.—*Evidence held immaterial.*—In an action on a fire insurance policy issued on an automobile sold on condi-

ditional sale contract, testimony that witness, after the loss sued for, went several times to the office of the discount company which held the conditional sale contract was immaterial where the defendant insurance company had pleaded by way of answer that the discount company was a party in interest in the action. p. 237.

20. INSURANCE.—*Testimony as to conversation with employee of defendant's local agency as to the loss sued on was competent, when agency's authority was in question.*—The authority of local insurance agency to adjust a fire loss on automobile being in question, testimony of witness as to a conversation with employee of agency relevant to the loss sued on was competent. p. 237.

21. INSURANCE.—*Admission of evidence as to proof of loss on which trial court made no finding, was harmless.*—Admission of evidence that plaintiff in action to recover on a fire insurance policy had made proof of loss after the expiration of the period allowed by the policy for making such proof, and delivered it to the insurer's local agency, was harmless where the court made no finding based thereon. p. 237.

22. INSURANCE.—*Admission of irrelevant evidence as to statement by plaintiff to investigator for insurance company held harmless though incompetent.*—In action on a fire insurance policy, admitting in evidence copy of statement made by plaintiff to investigator of loss for defendant insurance company, and testimony as to investigator making copy of statement and giving it to plaintiff, was harmless error even though incompetent. p. 238.

From Marion Superior Court (A 14,409) ; *James M. Leathers,* Judge.

Action by Max B. Gellman against the National Fire Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the first division.

*Burke G. Slaymaker,* for appellant.

*Emsley W. Johnson, William F. Elliott* and *Byron K. Elliott,* for appellee.

BATMAN, J.—This is an action by appellee against appellant and its agent, George H. Moore and Company, on an insurance contract. The complaint is in a single paragraph and alleges, in substance, among other things, that on January 1, 1921, appellant issued to the

Mercantile Discount Corporation, a general or open policy of insurance, No. A 125615, by which it was insured for one year, against loss or damage from fire and lightning to automobiles, in which it had an interest by reason of an indebtedness; that by the terms of said policy, appellant agreed to issue to the owners or purchasers of automobiles in which said corporation had such interest certificates which would entitle them to share in the amount for which appellant would be liable under said policy, in the event of loss to the automobiles covered by the certificates issued to them; that appellee was indebted to said discount corporation in a sum which gave him the right to insure under the terms of said general policy; that in compliance with the same, appellant, for a valuable consideration, issued to appellee a certificate of insurance upon one Pan American touring car, owned by him, insuring the same against loss by fire in the sum of $2,000; that on July 15, 1921, while appellee was still the owner of said automobile, and said insurance was in full force and effect, the automobile so insured was wholly destroyed by fire; that immediately thereafter appellee gave notice of such loss, and of the time, place and circumstances thereof, to appellant and its authorized agent. Other facts are alleged which relate to the details of such notice, and to appellee's failure to make proof of loss within the time specified in the policy. Copies of the policy and certificate mentioned in the complaint were marked exhibits A and B respectively, and made parts thereof. Said policy contains, among others, the following provisions:

"It is a condition of this agreement that the assured will declare for insurance under this policy every car sold by them on which there is either a mortgage interest or any indebtedness of any amount whatever due them so far as it shall be in their power to control this insurance. Any declaration so made shall be consid-

ered as a binder under this contract, pending the issue of a certificate to evidence the transaction. All certificates are to insure for the joint benefit of the assured and the purchasers of the car, as their interest may appear, and in the event of loss are made payable: FIRST to the assured, as interest may appear, and balance, if any, to the purchaser.

"In the event of loss or damage the insured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within sixty days thereafter, unless such time is extended in writing by this Company, shall render a statement to this Company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and cause of the loss or damage, the interest of the insured and all others in the property. * * * It is a condition of this policy that failure on the part of the insured to render such sworn statement of loss to the Company within sixty days of the date of loss (unless such time is extended in writing by the Company) shall render such claim null and void."

Said certificate, omitting signature, is as follows: "This certifies that Max Gellman * * * has insurance under Open Policy No. A125615 to the amount of $2,000. (Here follows length of time and description of automobile), subject to all the stipulations and conditions of the Open Policy referred to above. This Company has issued an automobile policy insuring * * * for the benefit of the holders and endorsers of automobile purchase notes, and of approved purchasers of automobiles, as described above, sold on deferred payment plans, against loss or damage by fire * * *. This certificate is issued in duplicate to said Mercantile Discount Corporation, the original as collateral to the Open Policy, and the duplicate to the purchaser named

above, as evidence that the purchaser is buying an automobile on time or conditional sale contract, * * * it being understood and agreed that said policy protects the interest of such purchaser to the extent of the difference between the sum insured as stated above, and the amount of the interest in the automobile (at the time of occurrence of any loss or damage covered by this policy) of Mercantile Discount Corporation or its assigns, as holders of unpaid purchase notes, or the interest of any endorser in due course of said notes."

Appellant filed a demurrer to the complaint on the following grounds: (1) It does not state facts sufficient to constitute a cause of action; (2) there is a defect of parties plaintiff in this that the Mercantile Discount Corporation, mentioned in the complaint, and in exhibit A filed therewith, is a necessary party plaintiff. This demurrer was overruled. Appellant thereupon filed an answer in two paragraphs, the first being a general denial. The second alleges, in substance, that when said fire loss occurred, the Mercantile Discount Corporation, being then, and at the time of the commencement of this action, the insured named in exhibit A, filed with the complaint herein, had a lien on the automobile described therein for the sum of $1,185.43, which was the balance of the purchase price thereof, due and owing from appellee, at the time of the fire and loss, mentioned in the complaint, and when this action was commenced; that the contract sued on was executed by appellant to appellee and said discount corporation, to insure them against loss by fire to said automobile to the extent, severally, of the interests of appellee and said discount corporation; that said automobile was purchased by appellee from the Indianapolis Schacht Truck Company on or about April 1, 1921, under a written contract, whereby title to said automo-

bile was reserved in the seller, or its assigns, until after the full purchase price thereof was paid; that said contract was thereafter duly assigned to said discount corporation with the consent of appellee; that when appellee purchased said automobile, he gave his note to said truck company in the sum of $1,606, as part of the purchase price thereof, which note was also assigned, indorsed and delivered to said discount corporation; that when said fire occurred said contract and note for the purchase of said automobile were both held and owned by said discount corporation; and that the amount due thereon at said time, and when this action was commenced, was said sum of $1,185.43. It is then alleged that appellee is not entitled to recover anything whatsoever on account of the aforesaid interest of said discount corporation under said policy and certificate of insurance; that said answer is partial, and is addressed to so much of the complaint as seeks to recover the amount of the interest aforesaid of said discount corporation. Appellee filed a reply in general denial to this paragraph of answer, and the defendant, George H. Moore and Company filed an answer in general denial to the complaint. The cause was submitted to the court for trial, and on request, a special finding of facts was made and conclusions of law were stated thereon, which were followed by a judgment in favor of appellee against appellant, and in favor of the defendant, George H. Moore and Company.

Appellant contends that the complaint on its face discloses a defect of parties plaintiff, as alleged in its demurrer thereto, and for that reason the court 1-3. erred in overruling the same. In determining this contention, we must bear in mind the provisions of certain statutes, which, omitting the portions not pertinent to the question under consideration, read as follows: "Every action must be prosecuted in the

name of the real party in interest * * *. All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs * * *. Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint * * *." §§258, 270, 277 Burns 1926, §§251, 262, 269 R. S. 1881. In the instant case, the complaint discloses that the contract of insurance, consisting of the policy and certificate mentioned therein, is one in which appellee and the Mercantile Discount Corporation are joint payees, to the extent of the liability for the alleged damage to the automobile in question, conditioned that said discount corporation has an interest therein by reason of an indebtedness due it. It is alleged "that appellee was indebted to the Mercantile Discount Corporation in a certain sum of money, which gave him the right to insure under the terms of the general policy of insurance" issued to appellant, and there is no averment that such indebtedness had been paid. Therefore, we must presume that such indebtedness existed at the time the automobile was destroyed by fire, as alleged, under the rule that a status once established, or a relationship once shown to exist, is presumed to continue until the contrary appears. *Spaulding* v. *Sones* (1895), 11 Ind. App. 562; *Pittsburgh, etc., R. Co.* v. *Harper* (1894), 11 Ind. App. 481; *McAfee* v. *Montgomery, Admr.* (1898), 21 Ind. App. 196; *Waters* v. *Delagrange* (1915), 183 Ind. 497. The contract in suit does not provide for a specific sum which will be due each of the payees named therein, in the event of loss, but for the payment of a gross sum to both. True, this sum is to be divided between the two payees named, and the priority of pay-

ment is fixed, but the amount to which each is entitled is not determined, being dependent upon undisclosed facts. It is thus made to appear that said payees have a common interest in the subject of this action, as a recovery will enure to the benefit of both, notwithstanding the fact that they may not share equally therein. This being true, said discount corporation is a necessary party plaintiff to this action, since it is not made a party defendant under an averment that its consent to be made a party plaintiff could not be obtained, as provided in §277 Burns 1926, *supra*, above quoted. *Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7; *Hadley* v. *Hobbs* (1895), 12 Ind. App. 351; *Franklin Ins. Co.* v. *Wolff* (1899), 23 Ind. App. 549; *Chicago, etc., R. Co.* v. *Lane* (1901), 26 Ind. App. 535; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, Ann. Cas. 1918A 828; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502; *Spencer* v. *McGuffin* (1921), 190 Ind. 308, 14 A. L. R. 385; *Aetna Ins. Co.* v. *Reyman* (1921), 191 Ind. 574, 132 N. E. 657. We conclude that the court erred in overruling the demurrer to the complaint because of a defect of parties plaintiff.

Appellee contends that the action of the court in overruling the demurrer to the complaint was rendered harmless by the fact that appellant filed an affirmative answer in which it tendered an issue as to the amount due the Mercantile Discount Corporation from it, under the contract in suit, by reason of the loss of the automobile in question, and obtained a finding in its favor, based on evidence introduced on the trial. We concur in this contention for the following reasons: When the court made its adverse ruling on the demurrer to the complaint, appellant had the choice of different courses of procedure, under some of which the error of the court in its ruling on said demurrer would have remained available to him

on appeal, and under others such error would have become harmless. To illustrate, if it had elected to stand on such ruling, and refused to plead, the error would have remained available as a ground for reversal. If it had elected to file a petition, setting up the facts, and asked that said discount corporation be made a party defendant to answer as to its interest, if any, in the subject of the action, and such petition had been denied, the error in question would have remained available to appellant on appeal, but if such petition had been sustained, and said discount corporation had been made a party defendant, and given an opportunity to set up any interest it may have had in the subject of the action, such error would have been rendered harmless. If it had elected to file an answer not tendering an issue as to any interest of said discount corporation in the amount for which it was liable by reason of the loss of the automobile in question, and a judgment had been rendered against it, the error under consideration would have been available on appeal. In the last named event, a motion in arrest of judgment might have been made, since a demurrer for defect of parties plaintiff had been filed, and a waiver of such defect thereby avoided. *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643; *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696. Had such a motion been filed before the rendition of judgment and overruled, the error under consideration would have remained effective as cause for a reversal on appeal. It will be observed, however, that appellant did not elect to follow any of the suggested courses of procedure, but elected, after an adverse ruling on its demurrer to the complaint, to file an affirmative paragraph of answer, in addition to a general denial, in which it set up the interest of said discount corporation in the subject of the action, and secured a finding in its favor thereon, which

was given effect in the judgment rendered against it. Appellant, having voluntarily chosen this course of procedure, with the result stated, is not now in a position to say that it was harmed by the adverse ruling on its demurrer to the complaint. True, it was entitled, as a matter of right, to have said discount corporation in court, as a party to the action, so as to bind it by any judgment rendered, but that was a right it could waive, and which it did waive by tendering the issue disclosed by its affirmative paragraph of answer, to which a reply in general denial was filed. It is to be understood, however, that the judgment, following a determination of such issue, is conclusive only between the parties before the court, but not of any right of said discount corporation by reason of the loss of the automobile in question, as it has not had its day in court. The following decisions support the conclusion we have stated: *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1912), 54 Ind. App. 28; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co., supra.* Appellant cites the case of *Aetna Ins. Co.* v. *Reyman, supra,* as conclusive against appellee's contention that the error in question had been rendered harmless. We do not so consider it for the very obvious reason, that the court in the case cited expressly states that the evidence, by which an attempt was made to show that the mortgage debt there involved had been paid "was not within the issues joined." In the instant case, the fact is otherwise, as appellant tendered an issue by its affirmative paragraph of answer as to the amount due said discount corporation under the contract in suit. This is a distinguishing feature, which deprives the case cited of controlling influence in considering the question we have determined.

Appellant contends that the court erred in stating its first and third conclusions of law, which, when taken together, are in effect as follows: The law is with ap-

pellee, and judgment should be rendered in his 7, 8. favor against appellant in the sum of $914.03.

The reasons presented in support of this contention are equally applicable to each of such conclusions, and hence we will consider them as one, and of the effect stated. It is urged that before such conclusions would be warranted, the finding of facts on which they are based must show that appellee made proof of his alleged loss, within sixty days thereof, as the contract of insurance in suit requires, or that the making of such proof was waived by appellant within such time, and that neither of such essential facts was found. We readily agree with appellant as to the necessity of a finding of one or the other of such facts, and that the one first stated was not found, but we cannot agree that the latter one, viz.: that the making of such proof of loss was waived by appellant was not found. While it is true that the fact of such waiver is not found as an ultimate fact, as would have been proper, primary facts are found which necessitate an inference of a waiver by appellant of the proof of loss within sixty days thereof, and hence such ultimate fact will be treated as found. *Judah* v. *F. H. Cheyne Electric Co.* (1913), 53 Ind. App. 476; *Harris* v. *Riggs* (1916), 63 Ind. App. 201; *Bissell, etc., Works* v. *South Bend, etc., Co.* (1916), 64 Ind. App. 1. In support of this statement, we cite that part of the finding which discloses that George H. Moore and Company, as agent of appellant, was vested with power and authority on its behalf to countersign and issue policies for it, to collect premiums thereon, to investigate losses thereunder, and to make reports on such losses to appellant; and, on occasions, to receive proofs of loss for it, and make payments thereof with checks issued by it, and to receive service of process in suits against it; that said George H. Moore and Company, as such agent and under such authority, had ren-

dered such services for appellant, with its knowledge; that appellee had an automobile insured under the contract in suit, which was destroyed by fire on July 15, 1921; that within sixty days after said fire, appellee notified said George H. Moore and Company of his loss thereby, and when and where the same occurred, and asked if it were necessary to make formal proof of said loss; and that said George H. Moore and Company, "with full power and authority from appellant," notified appellee that it was not necessary for him to make further proof of loss. It thus appears that George H. Moore and Company, as agent of appellant, was clothed with a diversified authority, broad enough in scope to warrant the giving of the notice by it to appellee with reference to the necessity of making further proof of loss, unless the phrase, "with full power and authority from appellant," quoted above, is the statement of a conclusion of law and not a conclusion of fact, as appellant contends. We recognize that the line of demarcation between conclusions of law and conclusions of fact is not one to be easily drawn in all cases. The following has been stated as a determining rule: "If, from the facts in evidence, the result can be reached by that process of natural reasoning adopted in the investigation of truth, it becomes an ultimate fact, to be found as such. If, on the other hand, resort must be had to the artificial processes of the law, in order to reach a final determination, the result is a conclusion of law." *Levins* v. *Rovegno* (1886), 71 Cal. 273, 12 Pac. 161; *Weidenmueller* v. *Stearns, etc., Co.* (1900), 128 Cal. 623, 61 Pac. 374; *Oregon, etc., Builders* v. *Montgomery, etc., Co.* (1919), 94 Ore. 349, 184 Pac. 487. This rule has been recognized and given effect by this court. *Lagler* v. *Roch* (1914), 57 Ind. App. 79; *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637. We are clearly of the opinion that an application of this

rule must lead to the conclusion that the phrase under consideration contains a conclusion of fact and not one of law.    Numerous cases might be cited, which, by analogy, would support this view, but we content ourselves with the following:    *Horn* v. *Lupton* (1914), 182 Ind. 355; *Schmitt* v. *Weil* (1910), 46 Ind. App. 264; *State, ex rel.,* v. *Williams* (1906), 39 Ind. App. 376; *Behler* v. *Ackley* (1909), 173 Ind. 173; *Taylor* v. *Canaday, Rec.* (1900), 155 Ind. 671; *Pavey* v. *Braddock* (1908), 170 Ind. 178; *Stix* v. *Sadler* (1887), 109 Ind. 254; *Baldwin* v. *Heil* (1900), 155 Ind. 682; *Warren County Bank* v. *Keister, Admr.* (1923), 80 Ind. App. 134, 138 N. E. 517.    Considering such phrase as a finding of fact, as we have determined it to be, we find nothing to prevent our adherence to the conclusion stated above that the ultimate fact of a waiver by appellant of a proof of loss on the part of appellee must be treated as found, under the authorities cited, following the statement of such conclusion.

Appellant asserts that there is no finding that appellee was the owner of the automobile in question, or that he had any interest therein, either when the contract in suit was executed, or when the fire which destroyed the same occurred, and that without such a finding as to both of said times, the conclusions of law under consideration cannot be sustained.    In this connection, it must be borne in mind that the intendments and presumptions are in favor of the finding rather than against it, and in ascertaining its meaning and effect, it must be read as a whole, and if, when so read, it can be said to sustain the conclusions of law stated thereon, no error can be successfully predicated on exceptions to such conclusions.    *Judah* v. *F. H. Cheyne Electric Co., supra; Harris* v. *Riggs, supra.*    When the special finding in the instant case is so read, it discloses the following pertinent statements

bearing on the question under consideration: "That upon April 1, 1921, appellant issued to appellee an individual certificate or policy, insuring appellee's car against loss by fire in the sum of $2,000, which policy was in full force and effect at the time *appellee's car was destroyed * * * and on July 15, 1921, said automobile, owned by appellee and insured by appellant, was destroyed by fire * * * and that there is due appellee on account of the loss of his automobile from appellant the sum of $914.03.* (Our italics.) These facts are clearly sufficient to overcome appellant's contention in the light of the following decisions: *Home Ins. Co.* v. *Duke* (1881), 75 Ind. 535; *Phoenix Ins. Co.* v. *Benton* (1882), 87 Ind. 132; *Insurance Co.* v. *Hegewald* (1903), 161 Ind. 631; *Judah* v. *F. H. Cheyne Electric Co., supra.* In the case last cited, the court, in considering whether ownership of real estate was sufficiently found, after reciting facts less conclusive than those stated above, said: "Under such a finding of facts it would be a legal absurdity to hold that the judgment of the trial court should be reversed because such court did not in express words find the ultimate fact of present ownership of the real estate in question."

The contract of insurance in the instant case, covered the body, machinery and equipment of appellee's automobile, "while within the limits of the United States (exclusive of Alaska, the Hawaiian Islands, Porto Rico) and Canada." Appellant contends that there is no finding that appellee's automobile was destroyed by fire while located within the prescribed territory. Even if this be true, the evidence clearly shows without dispute that the automobile was destroyed by fire in the State of Indiana. And a judgment will not be reversed for failure of the court to find a fact in issue which does not appear to have been disputed, and which was established by uncontradicted

evidence at the trial. A reversal is not permitted on account of an irregularity which did not, as appears from the whole record, prejudice any substantial rights of the complaining party.

Under the contention that the court erred in overruling appellant's motion for a new trial, it is urged that there is no evidence that appellee, within sixty days after the occurrence of his loss, furnished appellant proof thereof, as required by the contract of insurance, or that the furnishing of such proof of loss was waived, and hence any finding to the contrary is not sustained by the evidence. We have held that there is a finding of a waiver of proof of such loss, and we will now proceed to determine whether the evidence sustains such finding, the rule being that slight evidence is sufficient for such purpose. *Aetna Ins. Co.* v. *Jones* (1917), 64 Ind. App. 251. Rudolph E. Strenes testified, in substance, in part as follows: I am connected with the Indianapolis Schacht Truck Company, from which appellee purchased his automobile. We have had a considerable business with the National Fire Insurance Company and the Mercantile Discount Corporation, having placed about $300,000 worth of business therewith. We have had losses, and made reports thereof to Mr. Fox, agent of the National Fire Insurance Company. Mr. Fox made all the adjustments of such losses. Two or three of such adjustments were made prior to July 15, 1921. In making settlements for such losses, "Mr. Fox always brought the drafts in, but they were drafts drawn on the Chicago office." In view of other evidence which tends to show that George H. Moore and Company was an agent of appellant in Indianapolis, and that said Fox was an employee of said company in conducting its agency, and, through that connection, was a representative of appellant, we hold that the facts disclosed by the evidence stated above is

susceptible .of an inference that George H. Moore and Company, as an agent of appellant, through its employee, Fox, adjusted a number of losses, which were paid by drafts drawn by said George H. Mooore and Company on appellant at its Chicago office. This being true, we are bound by such an inference on appeal. *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595. If said George H. Moore and Company had that authority, was it a general authority to adjust losses, which would carry with it authority to waive the proof thereof, or was it a special authority, limited to the cases in which such adjustments were made? *Prussian Nat. Ins. Co.* v. *Peterson* (1902)., 30 Ind. App. 289; *Indiana Ins. Co.* v. *Capehart* (1886), 108 Ind. 270; *Germania Fire Ins. Co.* v. *Pitcher* (1902), 160 Ind. 392; *Ohio, etc., Ins. Co.* v. *Glaze* (1913), 55 Ind. App. 147. If it be said that the facts which the evidence tends to prove would warrant an inference of either general or special authority to adjust losses, we must accept the one drawn by the court, viz.: that of general authority, although a contrary inference might appear to us to be equally as reasonable, and one we might be more inclined to draw, had the question been submitted to us as an original one. *City of Linton* v. *Jones* (1921), 75 Ind. App. 320. But it will be observed in the instant case, that appellant, with knowledge that appellee was relying on a waiver of a proof of loss, and the extent of the authority, if any, of George H. Moore and Company to adjust losses for it, failed to introduce any evidence bearing on that question. This was a circumstance the court had a right to consider in determining what inference it would draw from the facts proved, and may, of itself, have been controlling on a question which otherwise would have been in even balance. *Barnett* v. *Gluting* (1891), 3 Ind. App. 415; *Bump* v. *McGrannahan* (1916), 61 Ind. App. 136; *Goodwin* v. *DeMotte* (1917),

64 Ind. App. 394; *Indianapolis, etc., Traction Co. v. Monfort* (1923), 80 Ind. App. 639, 139 N. E. 677. We, therefore, conclude that appellant's contention under consideration cannot be sustained.

Appellant predicates error on the action of the court in admitting certain evidence over its objections, which we will now consider briefly, although, in our opinion, no reversible error is shown. Contention is made that it was error to permit the witness, Fox, to testify that he was an agent for appellant, but it does not appear that the court so found. The error, if any, was therefore harmless. Contention is also made that it was error to permit the witness, Fox, to testify that he paid to the Mercantile Discount Corporation the sum of $1,185.45 under the policy in suit, and to state the manner of such payment. This evidence was competent as a circumstance bearing on the authority of George H. Moore and Company, by whom the witness was employed, to adjust losses for appellant. The further contention is made that it was error to permit the witness, Scharffin, to testify that he, either alone or in company with appellee, went to the Mercantile Discount Corporation several times in the month of July, 1921, after the fire occurred, but this fact of itself was immaterial, and of such a nature as to render its admission harmless. Complaint is made of the admission of the testimony of the last named witness, relating to a conversation he had with Mr. Fox, who, the evidence tends to show, was an employee of George H. Moore and Company in its insurance business, with reference to appellee's loss. This complaint is based on the ground that said George H. Moore and Company had no authority over such loss. Whether said company had any such authority was a matter of fact for the determination of the court, and hence the admission of such evidence was competent, its effectiveness,

however, being dependent on a finding that said company had such authority. Complaint is also made of the admission in evidence of an alleged proof of loss by appellee, which was delivered to George H. Moore and Company, based on the ground that it shows on its face that it was executed seventy-one days after such loss, which was on a date subsequent to the sixty day period in which such proof of loss could be filed, in order to be effective as such, and on the further ground that, under the evidence, said George H. Moore and Company had no authority to accept a proof of loss from appellee. It suffices to say in answer to this complaint, that appellant was not harmed by the admission of such evidence, even if it was error to do so, as there is no finding based thereon, and hence it appears that the court was not influenced thereby. *Railway, etc., Assn.* v. *Armstrong* (1899), 22 Ind. App. 406. Errors are based on the action of the court in permitting appellee to testify that he asked one of the ladies in the office of said George H. Moore and Company what he was to do in the case, and in permitting him to state that Mr. Fisher of the Mercantile Discount Corporation had said to him that he would take care of it. These matters are so clearly immaterial and harmless that we pass them without further notice.

Finally, it is asserted that the court erred in admitting in evidence a copy of a statement made by appellee to an alleged investigator of the loss in question, 22. and the testimony of the witness Scharffin, as to such investigator making a copy of such statement, and giving the same to appellee. If we concede that this evidence is incompetent, as appellant insists, and, therefore, should not have been received, such concession would not be of controlling influence under the facts of the instant case, in view of the character of such evidence. As said in the case of *Shira* v. *State, ex rel.*

(1918), 187 Ind. 441: "The admission of irrelevant testimony which has little, if any, probative force does not constitute reversible error where there is nothing to indicate that the complaining party was, or could have been, harmed by its introduction, particularly where the issues were tried by the court without the intervention of a jury, as in this case, and the decision does not depend on the incompetent evidence for its support."

Other contentions are made, but they are so related to the questions we have already determined, that their ineffectiveness as grounds for a reversal of the judgment may readily be seen. We, therefore, conclude our opinion without their individual consideration, as no good purpose would be subserved thereby. Failing to find sufficient grounds for sustaining any one of the errors assigned in this court, the judgment is affirmed.